JOHN L. LUNNEY V. LESLIE J. HEALEY.

FILED OCTOBER 5, 1898.   No. 8261.

1. **Trial to Court:** ERRONEOUS ADMISSION OF EVIDENCE. This court will not reverse the judgment in a case tried to the court without a jury merely because of the admission of improper evidence.

2. **Real Estate Agents:** COMPENSATION. Where a real estate broker contracts to produce a purchaser who shall actually buy, he has performed his contract by the production of one, financially able, with whom the owner actually makes an enforceable contract of sale. The failure to carry out that contract, even if the default be that of the purchaser, does not deprive the broker of his right to commissions.

3. ———: ———. Evidence in such a case examined, and *held* to sustain a finding for the broker.

ERROR from the district court of Seward county. Tried below before BATES, J. *Affirmed.*

*Biggs & Thomas*, for plaintiff in error.

References: *Dent v. Powell*, 61 N. W. Rep. [Ia.] 1043; *Mattingly v. Pennie*, 105 Cal. 514; *Pearson v. Mason*, 120 Mass. 53; *Rice v. Mayo*, 107 Mass. 550; *Love v. Miller*, 53 Ind. 294; *Keys v. Johnson*, 68 Pa. St. 43; *Neiderlander v. Starr*, 50 Kan. 766; *Cremer v. Miller*, 57 N. W. Rep. [Minn.] 318; *Tansey v. Etzel*, 34 Pac. Rep. [Utah] 291; *Barber v. Hildebrand*, 42 Neb. 406.

*C. S. Rainbolt*, also for plaintiff in error.

*D. C. McKillip* and *Thomas A. Healey, contra*.

IRVINE, C.

This was an action by Healey against Lunney to recover commissions as a real estate broker. The plaintiff recovered in the district court, and the defendant seeks a reversal of the judgment.

It is suggested that the petition does not state a cause of action, but the supposed defect is not pointed out in the briefs and we perceive none on examining the petition.

Error is assigned on the admission of certain evidence. The case was tried to the court without a jury, and errors, if any were made, in the admission of evidence are, therefore, not a ground of reversal.

The principal controversy concerns the sufficiency of the evidence. The petition alleges a contract between the parties whereby it was agreed that if Healey would find a purchaser for certain land of Lunney's at the price of $6,400, and on such terms of purchase as should be agreed upon between Lunney and the purchaser, Lunney would pay Healey $200. It is then alleged that Healey produced a purchaser willing and able to pay the price fixed; that terms were agreed upon and a contract executed for the sale of the land. On analysis it will be seen that the petition does not charge the usual broker's con-

tract to produce a purchaser able and willing to purchase on terms previously fixed by the owner. Here the owner had fixed the price alone, and the other terms were to be arranged with the purchaser. The contract would only be performed by the production of a purchaser with whom the owner should actually make a bargain. The evidence on behalf of the plaintiff strongly tended to establish the averments of his petition. It appears that the purchaser by him produced actually executed a contract to purchase the land, but it also appears that the contract was not performed, and it is inferable that the default was that of the purchaser. In spite of some authority to the contrary we are convinced that under such a contract as is here pleaded the broker is entitled to his commission when through his instrumentality a purchaser has been produced, able and willing to buy, and with whom the owner actually makes an enforceable contract of sale, even though that contract fails in performance through the default of the purchaser. In such case the vendor may usually enforce the specific performance of the contract, and he may in any case recover damages for the breach. In either way he gets the advantage of his bargain, and the broker has done all required of him. Such is the generally accepted view. (*Love v. Miller*, 53 Ind. 294; *Love v. Owens*, 31 Mo. App. 501; *Leete r. Norton*, 43 Conn. 219; *Pearson v. Mason*, 120 Mass. 53; *Bach v. Emerich*, 35 N. Y. Sup. Ct. 548.)

It is, however, insisted that in this case the contract of sale never became operative, because of the vendee's failure to perform a condition precedent, and the case is said to be similar to *Barber v. Hildebrand*, 42 Neb. 400. There the contract was for an exchange of lands, and the person produced by the broker failed to furnish an abstract showing perfect title in himself to the land which he was to give in exchange. The furnishing of such an abstract was a condition precedent to the exchange. It was as if a purchaser produced had been financially unable to buy and had been for that reason rejected. Here

Lunney v. Healey.

the contract was that the purchaser should pay "$6,400 in manner following: $300 cash in hand paid, the receipt whereof is hereby acknowledged, and the balance as follows," etc. The evidence was that the $300 was not intended in fact to be paid in cash, but was to be represented in part by the assignment of a land contract at the agreed price of $125. For the remaining $175 the purchaser gave and the vendor received a note payable in ten days. There is nothing in this that indicates such payment as a condition precedent to the taking effect of the contract. So far as stated it is quite evident that Lunney might have sued on the note or recovered damages on the contract. But it is said that the contract was not delivered, but left in escrow for delivery only when the other contract should be assigned and the note paid. While possibly the evidence might permit the inference that such was the intention, there is no witness who directly so testifies, and the inference drawn by the trial court, that the contract was deemed complete, is decidedly the more reasonable. Indeed the express and implied admissions of Lunney's answer are such that it it doubtful whether his present theory was admissible under the pleadings.

There is a suggestion that the fact that the purchaser failed to assign the contract and pay his note shows that he was not financially able to do so. This fact would at most be evidence tending to so show, and the purchaser's default was explained in a manner consistent with the theory of his ability to perform. Moreover, all the direct evidence was to that effect.

AFFIRMED.