## MARTINEAU v. HANSON.

No. 2790. Decided Feb. 8, 1916. (155 Pac. 432.)

1. EVIDENCE — PAROL EVIDENCE — CONDITIONAL DELIVERY OF NOTE. Under Comp. Laws 1907, sec. 1568, providing that, as between all parties, the delivery of a note, to be effectual, must be made by or under the authority of the maker, and it may be shown that a note was delivered conditionally, a maker may, when sued on the note by the payee, show by parol that the note was delivered on a condition, and that the condition has not been satisfied and thereby defeat a recovery.[1] (Page 554.)

2. BILLS AND NOTES—ACTIONS—PLEADINGS. An answer, in an action on a note by the payee, which alleges that the note was delivered on the condition that it should not be paid until a third person paid to the maker a specified sum; that the payee received the note and agreed to the condition; that the third person has never paid the sum or any part thereof—sufficiently sets forth the condition precedent to the right of the payee to recover on the note. (Page 556.)

3. BROKERS — COMPENSATION—WHEN EARNED. An agent to sell land may agree that the payment of his commission shall be dependent on the condition that the purchaser procured by

him shall pay to the principal either a specific part or all of the price, and in case the purchaser shall fail to do so without the fault or connivance of the principal, the, commission shall be forfeited.   (Page 556.)

4.   BROKERS—CONTRACT FOR COMPENSATION—VALIDITY—CONDITIONS. When an agent is authorized to sell his principal's land under the agreement that the payment of his commission shall be dependent on the condition that the purchaser procured by him shall pay a part of the price, and the principal gives a note evidencing the agent's commission, the agent and principal may agree that the note is delivered on the condition that it shall not be enforceable unless and until the purchaser pays the part of the price.   (Page 556.)

5.   BROKERS—COMMISSIONS—WHEN EARNED.   A broker, employed to procure a purchaser, is entitled to his commission when he finds a purchaser satisfactory to the principal and they enter into a contract of purchase and sale, though the purchaser is unable to comply with his contract, provided the principal and broker acted in good faith, and where the principal relied on the representations of the broker as to the financial ability of the prospective purchaser, who is not able to comply with the contract of purchase, the broker may not recover commissions.   (Page 556.)

6.   TRIAL—INSTRUCTIONS—EVIDENCE.   The court, on request, must give a charge submitting to the jury defendant's theory of the case sustained by evidence, though such evidence is contradicted by plaintiff's evidence.   (Page 557.)

7.   BROKERS—COMMISSIONS—RIGHT TO COMMISSIONS.   A broker, employed to procure a purchaser of the land of the principal for a compensation in excess of a sum fixed by the principal as the price for the land, does not forfeit his compensation merely because he becomes interested with the purchaser in purchasing the land, provided he acted in good faith.[2]   (Page 558.)

8.   BROKERS—ACTIONS—EVIDENCE—BURDEN OF PROOF.   One employing a broker to procure a purchaser of land has the burden of proving the false representations of the broker as to the financial ability of the prospective purchaser, inducing the execution of a contract of sale and the giving of a note for his compensation to defeat the broker's action on the note,[3]   (Page 560.)

---

[1] *National Bank* v. *Foote*, 12 Utah 157, 42 Pac. 205.

[2] *Neighbor* v. *Pacific Realty Ass'n*, 40 Utah 610, 124 Pac. 523, Ann. Cas. 1914D, 1200.

[3] Distinguishing *Hudson* v. *Moon*, 42 Utah 377, 130 Pac. 744.

Appeal from District Court, First District; *Hon. C. W. Morse,* Judge.

Action by L. R. Martineau against Soren Hanson.

Judgment for plaintiff. Defendant appeals.

REVERSED AND REMANDED with directions.

*M. E. Wilson,* for appellant.

*Ray Van Cott,* for respondent.

## APPELLANT'S POINTS.

It may be shown by parol that at the time a note was made it was agreed that it should be held for nothing, on the happening of a certain event or on the non-fulfillment of a certain condition. Where such event operates as a failure for consideration there seems to be no conflict in the authorities. Under the circumstances of this case the happening of the event, namely, the payment of the Fifty-five Hundred Dollars ($5500), was prerequisite to a consideration for the note and without it so happening, said note was without consideration. (*Clark* v. *Ducheneau,* 26 Utah, 97; *McFarland* v. *Sykes,* 54 Conn. 250, 1 Am. State Rep. 111; *Burt* v. *Dulaney,* 153 N. S. 228; *Howell* v. *Ware,* 175 Fed. 742.)

Before a broker can recover commissions for selling property it must appear that he procured a purchaser of sufficient pecuniary ability to make a purchase. Though the person procured by the broker enters into a contract of purchase, yet if he is not able to comply with his contract, and the seller, in accepting him as the purchaser, did not rely upon his own judgment, but rather upon that of the broker, the latter is not entitled to commissions. The production by the broker of a person as a purchaser is an implied representation on his part that such person is able financially, as well as ready and willing, to purchase. (*Butler* v. *Baker,* 17 R. I. 532, 33 Am. State Rep. 897; *McGavok* v. *Wacdlief,* 20 How. 221; *Barnard* v. *Monnot,* 1 Abb. App. 108; *Simonson* v. *Kissick,* 4 Daly 143; *Duclos* v. *Cunningham,* 102 N. Y. 678; *Kimberly* v. *Hender-*

*son*, 29 Md. 512; *Sievers* v. *Griffin*, 14 Ill. App. 63; *Leahy* v. *Hair*, 33 Ill. App. 461; *Zeidler* v. *Walker*, 41 Mo. App. 118; *McLaughlin* v. *Wheeler*, (S. Dakota), 47 N. W. Rep. 816.) Before there could be a recovery it must be established, either by means of a presumption or by means of evidence, that there was a legal and sufficient consideration for the note, and when once the presumption was destroyed the burden remained upon Martineau. This rule has been definitely and unequivocally established by the Supreme Court, in a recent case. (*Hudson* v. *Moon*, 42 Utah 377; 130 Pac. 744.)

## RESPONDENT'S POINTS.

Parol evidence of an undertaking between the parties to a note is not admissible in an action brought thereon to show that the note was given to the payee, himself, as an escrow to take effect upon a condition, or to show delivery upon the condition that it was not to have any binding force at all. (*Guice* v. *Thornton*, 76 Ala. 466; *Massmann* v. *Holscher*, 49 Mo. 87; *Clannin* v. *E. H. Machine Co. et al.*, (Ind.) 3 L. R. A. 863; *Stewart* v. *Anderson*, 59 Ind. 375; *Benoit* v. *Schneider*, 47 Ind. 13.)

The rule is firmly established that where a promissory note for a certain amount, payable at a certain time, is delivered into the hands of the payee or to take effect presently as the obligation of the defendant, parol evidence to introduce conditions or modifications of the terms is not admissible. (*Cent. Sav. Bank* v. *O'Connor et al.* (Mich.), 94 N. W. 11, 12; *Hyde* v. *Tenwinkel*, 26 Mich. 93; *Moseley* v. *Handford*, 10 Barn. & C. 729; *Woodbridge* v. *Spooner*, 3 Barn. & Ald. 235; *Joyner* v. *Turner*, 19 Ark. 690; *Foy* v. *Blackstone*, 31 Ill. 538; *Curtice* v. *Hokanson*, 38 Minn. 510; *Western Mfg. Co.* v. *Rogers*, 54 Neb. 456; *Aub.* v. *Magruder*, 10 Calif. 282. See also case of *Torpey* v. *Tebo* (Mass.), 68 N. E. 223; Joyce on Defenses to Commercial Paper, Sec. 320; *Converse* v. *Moulton*, 2 Root (Conn.) 195; *Neely* v. *Lewis*, 10 Ill. 31; *Stewart* v. *Anderson*, 59 Ind. 375; *Porter* v. *Pierce*, 22 N. H. 275.)

FRICK, J.

The plaintiff sued the defendant to recover judgment upon

a promissory note made by the defendant to the plaintiff
for the sum of $1,750. The defendant answered plaintiff's
complaint, admitting the execution and delivery of the note
sued on. He, however, pleaded several defenses to the note,
which are to the effect that prior to the execution thereof
defendant had employed the plaintiff as agent to sell certain
lands owned by the defendant, and that for his services or
commission for procuring a purchaser for said lands plaintiff
was to receive all that he could obtain in excess of the sum
of $20,800; that plaintiff produced one John H. Earl who,
plaintiff represented, was willing to purchase said lands, and
was financially able to pay the sum of $23,300 therefor; that
the defendant believed and relied on the representations of the
plaintiff that said Earl was financially able to pay said sum
of money for said lands, and in pursuance of said representa-
tions entered into a contract, whereby the defendant agreed to
sell said lands to said Earl for said sum of $23,300; that said
Earl was to make a payment on said purchase price on or be-
fore November 1, 1911, amounting to the sum of $5,500; that
the promissory note sued on "was delivered to the plaintiff
upon the express condition and understanding between the
said defendant and the plaintiff that the said note was not to
be paid until the said John H. Earl should pay to the defend-
ant the aforesaid sum of $5,500; that the plaintiff received
the said note from said defendant, and at the time of its re-
ceipt agreed to the condition upon which the same was deliv-
ered as stated, and agreed with the defendant that the said
note should not become due until the said John Earl should
make the payment of $5,500 which was due on or before the
1st day of November, A. D. 1911, and that said plaintiff fur-
ther agreed that said note * * * was never to be paid
by the defendant unless the said John H. Earl should pay the
sum of $5,500;" that said Earl never paid the said $5,500,
or any part thereof; that said Earl was not financially able
to pay the purchase price of said lands, which fact was well
known to the plaintiff at the time the contract of sale was
entered into; that the representations of the plaintiff respect-
ing said Earl's ability to pay for said lands were false; and
that the defendant was deceived and misled by plaintiff's

representations in that regard, and by reason thereof was induced to execute said note. The defendant also pleaded that the plaintiff made said representations for the sole purpose of inducing the defendant to enter into the contract of sale for said lands, and for the purpose of obtaining the commission evidenced by said note. The case was submitted to the jury under instructions from the court. The jury returned a verdict in plaintiff's favor, upon which the court entered judgment, from which this appeal is prosecuted.

Defendant's counsel has assigned a large number of errors, and we shall consider those deemed material in their order. We shall refer to the evidence only to the extent that it may be necessary to illustrate the points decided.

The first assignment relates to the ruling of the court by which it excluded defendant's parol evidence offered by him for the purpose of proving the agreement between the parties set forth in the answer, namely, that the note was delivered upon the condition therein stated. Counsel for the defendant very forcibly insists that the court erred in excluding the proffered parol evidence. The plea in the answer and the evidence offered in support thereof were based upon Comp. Laws 1907, Section 1568, which, so far as material here, reads as follows:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him, is conclusively presumed."

The section in question is part of the act relating to negotiable instruments, and is found, with some slight changes, in the statutes of the various states which have adopted said act. The statute adopted by the state of Wisconsin is, word for word, like our own, and the Supreme Court of that state,

in passing upon a similar question to that presented here, in the case of *Hodge* v. *Smith,* 130 Wis. 333, 110 N. W. 195, says:

"It is familiar law, nothwithstanding some conflict in the authorities, that a person may manually deliver an instrument, though it be in the form of commercial paper, to another, on its face containing a binding obligation in *praesenti* of such person to such other, with a contemporaneous verbal agreement that it shall not take effect until the happening of some specified event; and that the paper as between the parties will have no validity as a binding contract till the condition shall have been satisfied; and that proof of such condition does not violate the rule that a written instrument cannot be varied by a contemporaneous parol agreement; that such evidence only goes to show that the instrument never had vitality as a contract."

To the same effect are the following cases: *Hill* v. *Hall,* 191 Mass. 265, 77 N. E. 831; *McFarland* v. *Sikes,* 54 Conn. 250, 7 Atl. 408, 1 Am. St. Rep. 111; *Burke* v. *Dulaney,* 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698; *Howell* v. *Ware,* 175 Fed. 742, 99 C. C. A. 318; 1 Daniel, Negotiable Insts. Section 68a; Brannon's Negotiable Insts. Law, Section 16, and notes.

Counsel for plaintiff contends, however, and it seems the court agreed with him that the effect of the proffered evidence merely went "to show that the note in suit was to be paid out of a particular fund," and that parol evidence was not admissible to establish that fact. To sustain that contention, the following cases are cited: *Gorrell* v. *Home Life, etc., Co.,* 63 Fed. 371, 11 C. C. A. 240; *National Bank* v. *Foote,* 12 Utah, 157, 42 Pac. 205; *Underwood* v. *Simonds,* 12 Metc. (Mass.) 275; *Clanin* v. *Easterly, etc., Co.,* 118 Ind. 372, 21 N. E. 35, 3 L. R. A. 863; *Stewart* v. *Anderson,* 59 Ind. 375; and *Central Sav. Banks* v. *O'Connor,* 132 Mich. 578, 94 N. W. 11, 102 Am. St. Rep. 433. A mere cursory reading of the foregoing cases will disclose that the decisions cited by plaintiff's counsel, with possibly two exceptions, have no controlling influence upon the question raised by defendant's counsel; and if we were to follow literally the two cases to which we have referred, we would have to repeal section 1568, *supra,* by judicial edict, and would be required to overrule all the cases we have before cited.

While the fact that the note in question was delivered

only upon the condition that it should not become a completed
or enforceable contract unless the purchaser of the
lands in question paid the sum stated is not as directly
pleaded as it might have been, yet it seems clear to us
that the condition is sufficiently set forth, and that, as pleaded,
it constituted a condition precedent to the right of recovery
on the note, and one which the parties could legally agree
upon.

An agent who is authorized by his principal to sell the
latter's lands, certainly may agree that the payment of his
commission, or any part of it, shall be dependent upon
the condition that the purchaser shall pay to the prin-
cipal either a specific part or all of the purchase price,
and that in case the purchaser shall fail or refuse to do so
without the fault or connivance of the principal, the agent's
commission shall be forfeited. Such an agreement is certainly
not against any positive law nor contrary to public policy.

If, therefore, the principal executes his promissory note evi-
dencing the agent's commission, they may undoubtedly agree
that the same is delivered upon the condition that it shall not
be an enforceable contract unless and until the condi-
tion is fulfilled. That such a condition may be proved
by parol as between the parties to the instrument the
decisions we have referred to leave no room for doubt. And
it seems to us that our statute, to which we have referred,
expressly so provides. We are clearly of the opinion, there-
fore, that the district court erred in excluding defendant's
proffered evidence.

The defendant, however, further contends that, entirely
apart from the question just discussed, the court erred in re-
fusing to properly submit to the jury the question as to
whether the plaintiff had earned his commission. As
we have pointed out, defendant in his answer averred
that the plaintiff represented that Mr. Earl was finan-
cially able to pay for the lands in question; that the representa-
tions were false, and that the defendant, in entering into the
contract of sale, relied thereon; and that he was deceived and
misled by the representations aforesaid. Counsel for defend-
ant contends, therefore, that the general rule applicable be-

tween a broker and his principal, as laid down by the Court
of Appeals of New York, in *Kalley* v. *Baker*, 132 N. Y. 1, 29
N. E. 1091, 28 Am. St. Rep. 542, is not applicable to the facts
of this case. The general rule is stated in the headnote in
28 Am. St. Rep. in the following words:

"Broker employed to sell property becomes entitled to his commis-
sion when he finds a purchaser satisfactory to his employer and
they enter into a mutual contract of purchase and sale, though it sub-
sequently turns out that the purchaser is unable to comply with his
contract, and on that account the sale is not consummated by the
transfer of the property."

Of course the rule above stated is based upon the assump-
tion that both the principal and the broker act in good faith.
The text of the headnote is fully supported by the case of
*Riggs* v. *Turnbull*, 105 Md. 135, 66 Atl. 13, 8 L. R. A. (N. S.)
824, 11 Ann. Cas. 783. There, however, seems to be a well-
grounded exception to the general rule stated above, which
the authors of 2 Clark Skyles on the Law of Agency, at sec-
tion 773, state in the following words:

"Yet if the principal in accepting him (the prospective purchaser)
as a purchaser did not rely on his own judgment, but rather upon
that of the broker, and the purchaser is not able to comply with his
contract, the broker would not be entitled to commissions; nor
would he be entitled to commissions if the ratification was made
on the strength of false statements made by him."

The foregoing text is supported in *Butler* v. *Baker*, 17
R. I. 582, 23 Atl. 1019, 33 Am. St. Rep. 897.

The court refused defendant's request to charge the jury
which were based upon the theory that the defendant did not
know the financial standing of John H. Earl, and did
not rely upon his own judgment respecting Earl's abil-
ity to pay the purchase price, but relied wholly upon
the statements and representations of the plaintiff in that
regard which defendant alleged were false. There was, to
say the least, some evidence produced by the defendant in sup-
port of his theory and averments in his answer, and for that
reason we think the court should have charged the jury
upon that phase of the case, if not in the language requested
by the defendant yet in substance to that effect. Without
pausing now to set forth the charge as given, it is manifest

from what has already been said that it did not sufficiently present to the jury either the law applicable to the evidence or the defendant's theory of the case. In this connection plaintiff's counsel insists that it was the defendant's fault that the purchaser did not fulfill the terms of his contract, and did not pay the purchase price agreed upon. The defendant denied plaintiff's contention in that regard. Whether the plaintiff's or the defendant's contention should prevail is a question of fact for the jury, and cannot affect defendant's right to have submitted to the jury his contention or theory of the case that the plaintiff did misrepresent the purchaser's ability to pay for the land, and that he was not financially able to pay therefor, and that for that reason defendant failed to obtain the purchase price agreed upon.

Defendant, however, further contends that the court erred in not permitting him to prove and in refusing to submit the question to the jury that the plaintiff was interested with Mr. Earl as part purchaser of the lands in question, and for that reason, if his contentions were found by the jury to be true, the plaintiff should not recover 7 any commission. Counsel invokes the familiar doctrine that a broker in dealing with his principal must act in the utmost good faith, and must not conceal or misrepresent any material fact or facts, and that he cannot act for his principal and also for himself in the same transaction without the principal's knowledge and consent, and that if he fails in any one or all of the duties thus imposed on him, he forfeits his right to commission. The court in general terms so charged the jury. The court, however, did not, in any particular instruction, submit to the jury the question of plaintiff's alleged interest in the lands purchased by Earl, and also refused defendant's request to charge upon that phase of the case. In view of all the evidence produced by the parties, we are of the opinion that the case in hand is not one where it should be held that the broker forfeits his right to commissions by reason of having an interest with the purchaser in the lands purchased, providing the broker acted in good faith and did not conceal from the principal some material fact or facts. It should be remembered that in this case the defendant fixed his own price

for the lands in question, and the plaintiff's commission was made dependent entirely upon whether he could find a purchaser who was willing and able to pay more than the price fixed by the defendant. If the plaintiff found such a purchaser, then he was entitled to whatever sum he realized for the lands in excess of defendant's price. In what way could it have affected the defendant, therefore, if it were found that the plaintiff advanced any part of the purchase price, and for doing so was given some interest in the lands, or that he obtained some interest therein as purchaser? True, it is, as we have already poitned out, that if the plaintiff misrepresented the purchaser's financial ability to pay for the lands, and that he thereby misled the defendant and induced him to enter into the contract of sale, so that plaintiff might obtain the commission, and for that reason was given the note in question, he could not recover in this action. But that is entirely a different proposition from the one insisted upon by the defendant, namely, that under no circumstances may a broker be interested, either directly or indirectly, with the purchaser. Under the contract of employment in this case, if the defendant received the price fixed by him for his lands, it was entirely immaterial to him how, or through what sources the purchaser obtained the money or means to pay therefor. Nor was he interested in the question of who purchased, except to the extent that such purchaser was financially able to pay for the lands. The question here is somewhat akin to the question passed on in *Neighbor* v. *Pacific Realty Ass'n.,* 40 Utah, 610, 124 Pac. 523, Ann. Cas. 1914D, 1200, where the exception to the general rule that a broker may not be interested in the lands purchased or sold is pointed out. So, as not to be misunderstood upon the question just discussed, we repeat that the foregoing statements are based upon the express condition that the plaintiff acted in good faith, and did not, by false. representations, induce the defendant to enter into a contract of· sale with Mr. Earl for ·the purpose merely of obtaining the commission, regardless of the financial ability of said Earl to pay the purchase price.

The question is also presented as to whether the burden of proof to show the financial ability of Mr. Earl to pay for the

lands rested upon the plaintiff or upon the defendant. The authorities are not uniform upon that question. **8** The cases are in part collated in the case of *Butler* v. *Baker, supra,* to which cases we refer the reader. It seems to us that, in view that the law presumes solvency and never presumes fraud or deceit, and in view that if a principal relies upon the defense of having been deceived by the broker with regard to the purchaser's financial ability to pay, he must allege the facts in that regard in his pleading, therefore he should also be required to assume the burden of proof to establish the facts thus pleaded. To that effect, as we read the decisions, is the weight of authority. We are of the opinion, therefore, that the burden of proof rested upon the defendant to prove the financial inability of Mr. Earl to pay, as well as to prove the fraud or bad faith charged against plaintiff.

The question of want of consideration for the note in question raised by the defendant, and upon whom rested the burden of proof in that regard under the rule laid down by this court in *Hudson* v. *Moon,* 42 Utah, 377, 130 Pac. 744, in our judgment, is not involved here. The question was not one of want of, or failure of, consideration. The question was whether the note in question was conditionally delivered or not. If it was delivered upon a condition precedent and the condition was not fulfilled, then the note did not constitute an enforceable contract, and that is the end of the matter.

While we have not considered all of the assignments separately, yet what we have said upon the whole assignments sufficiently covers the principles which are discussed by counsel. Neither is it necessary to refer specifically to the ruling of the court on the admission or the exclusion of evidence, since the rulings complained of were based upon the theory upon which the court tried the case, and in so far as that theory is contrary to the law herein expressed, the court will, no doubt, modify the rulings upon a retrial of the cause if one is had. The foregoing statement applies to the instructions complained of and to the refusal of defendant's request to charge which we have not specifically discussed.

For the reasons stated herein, the judgment is reversed, and the cause is remanded to the District Court of Cache

County, with directions to grant a new trial and to proceed with the case in accordance with the views herein expressed. Appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.

