Vere v. Rosafa.

# CHARLES VERE, Plff.,

*v.*

# JUAN BIANCHI ROSAFA ET AL., Dfts.

---

San Juan, Law, No. 1200.

AMENDMENT FROM CONTRACT TO QUANTUM MERUIT.

Amendment—Quantum Meruit.

1. The limitation of amendment is that there cannot be in the Federal court an entire change of parties or of cause of action. There cannot be a change from a written contract to recovery en pais.

Amendment—Conformity.

2. In matters not covered by Revised Statutes, § 954, amendments are governed by the local law.

Amendment—Variance.

3. There can be no change of a cause of action arising at common-law to one arising under statutes, or where different evidence would be necessary to support the claim as amended.

Part Performance—Quantum Meruit.

4. Quantum Meruit for part performance depends upon express modification of the contract, or apportionment where it is separable.

Part Performance—New Contract.

5. If a sale is negotiated as an entirety by a broker and it falls through, a new contract would not entitle him to share therein.

Part Performance—New Contract.

6. Where a contract by a broker falls through, a substantially new contract between the parties does not entitle him to compensation. There is no vinculum juris unless arising out of tort or out of contract expressly implied.

NOTE.—On right of real estate broker to recover commissions on quantum meruit for securing purchaser for part of the property, see note in 51 L.R.A.(N.S.) 258.

Vere v. Rosafa.

Evidence—Original Contract.

> 7. The original contract can be used as evidence of quantum meruit only where there was an immaterial variation under quantum meruit.

Opinion filed May 3, 1919.

---

*Messrs. Willis Sweet* and *Miles M. Martin* for plaintiff.

*Mr. Cayetano Coll y Cuchi* for defendants.

HAMILTON, Judge, delivered the following opinion:

This suit was originally brought by the plaintiff against the defendant on a claim for commission said to be due under a special contract. The facts as alleged were that defendants bought a sugar factory or central called Coloso in the western part of Porto Rico from the owners in Paris, and that the transaction was due to the efforts of plaintiff as broker. Upon the trial of the case it seemed that, while the efforts of the plaintiff had tended to bring the minds of the defendant and the original owners together, the consummation was not in the manner contemplated by the written contract. One Servejean seems to have been a stockholder and to some extent a representative of the French corporation owning the central in question. He had been a visitor to Porto Rico, and in this way became acquainted with people and conditions here.

The war made such a difference in conditions that there was talk of the French corporation's being willing to sell, and Servejean on April 4, 1916, made a suggestion to the plaintiff,

Vere v. Rosafa.

Vere, in regard to approaching parties in Porto Rico on the subject. Letters and cables followed, resulting in a contract between Vere and defendants for a certain commission and an offer by defendants to Servejean of about $623,000, and the assumption of a mortgage due to a French bank, all subject to confirmation at Paris. For some reason, however, the parties were not able to consummate this arrangement, and Servejean on June 14th cabled that the sale must be at a sum of $1,500,-000. The evidence seems to show that the new amount was intended to take care also of the bank mortgage. Bianchi was surprised and offered to come to Paris. On July 1st defendants took up the matter anew. One of the defendants went to Paris and finally purchased the entire property at $1,400,000.

Upon this evidence the court held at trial December 21, 1917, that it must grant defendant's motion for a nonsuit, unless the plaintiff was willing to amend so as to sue for a quantum meruit. This was agreed to by the plaintiff, and a juror was withdrawn, and in due course the complaint was amended.

On the new trial the same evidence was introduced, and it was stipulated that the case should be decided by the court instead of by the jury. The matter accordingly comes up now for final determination.

1. The first point to be determined is whether there can be, under the facts, an amendment from special contract to quantum meruit. The rules as to amendment are liberal in this as in every other court, the limitation being that there cannot be an entire change of parties or of cause of action. What is sought in the case at bar is a change from claiming under a written contract for $70,814, to claiming half of that amount for the purchase of the property by the defendants at something over

double the cash price originally proposed. The question, there-
fore, is whether the change is within the principles of amend-
ment allowed by law. These are governed by § 954 of the Re-
vised Statutes of the United States, Comp. Stat. § 1591, 6
Fed. Stat. Anno. 2d ed. p. 98, which reads as follows:

"Sec. 954. No summons, writ, declaration, return, process,
judgment, or other proceedings in civil causes, in any court of
the United States, shall be abated, arrested, quashed, or reversed
for any defect or want of form; but such court shall proceed
and give judgment according as the right of the cause and mat-
ter in law shall appear to it, without regarding any such defect,
or want of form, except those which, in cases of demurrer,
the party demurring specially sets down, together with his
demurrer, as the cause thereof; and such court shall amend
every such defect and want of form, other than those which
the party demurring so expresses; and may at any time permit
either of the parties to amend any defect in the process or plead-
ings, upon such conditions as it shall, in its discretion and by
its rules, prescribe."

The limitation on the principle, however, is that above men-
tioned, that there shall not be a complete departure in parties
or in cause of action. Chitty, Pl. 198; Pom. Rem. § 566; Bliss,
Code Pl. § 429. The question at present is not so much the
actual facts of the transaction. It might well be that plaintiff
has earned something substantial by his work for the defend-
ants. The question is whether he can hope to get what he has
earned by changing claim under a written contract so as to
seek recovery for what he ought to get en pais. The Federal
practice rests upon the common law. The practice in Alabama,
for example, has departed very little from the common law;

certain forms of action are recognized, and one of them being the same as those known as common counts. It has been held in Semple v. Glenn, 91 Ala. 245, 24 Am. St. Rep. 896, 6 So. 46, 9 So. 265, that where the original complaint is on an express contract, an amendment cannot be made of the common counts so as to introduce a new cause of action. The general principle is that there can be recovery on the common counts if there be a special contract governing the same subject so far executed that nothing remains save the payment of money. 2 Greenl. Ev. § 104; Winter v. Mobile Sav. Bank, 54 Ala. 172; Mahan v. Smitherman, 71 Ala. 563. Sussdorff v. Schmidt, 55 N. Y. 319, seems to say that under a complaint to recover agreed compensation for services, recovery may be had upon proof of the value of the services rendered; but it will be found on page 324 that the complaint contained sufficient to enable the plaintiff to recover the value of the services rendered without references to the allegation of agreed compensation. So that allegation of agreed compensation could be rejected as surplus. There can be no recovery on the common counts if the evidence shows only a special contract and its breach. It has been held that common counts and a special contract cannot be joined in one suit. Maxwell & Delehomme v. Moore, 163 Ala. 490, 50 So. 882. Another test suggested is the difference in the form of plea necessary to meet the original complaint and the complaint as amended, as where in the one case the plea is "never promised" and in the latter "not guilty." Flanders v. Cobb, 88 Me. 488, 51 Am. St. Rep. 414, 34 Atl. 277.

2. In matters not covered by such § 954 of the Revised Statutes, amendments are considered, under the rule of conformity contained in § 914, Revised Statutes, Comp. Stat. § 1537, 6 Fed.

Stat. Anno. 2d ed. p. 21, to be covered by the local acts. Gagnon v. United States, 193 U. S. 451, 48 L. ed. 745, 34 Sup. Ct. Rep. 510. The local procedure on the subject covered by the Code of Civil Procedure, § 140, is as follows: "The court may in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, and may, upon like terms, enlarge the time for answer of demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow upon such terms as may be just, an amendment to any pleading or proceeding in any other particulars; and may, upon like terms, allow an answer to be made after the time limited by this Code, and also relieve a party or his legal representatives, from a judgment, order, or other proceeding taken against him through his mistake, in advertence, surprise, or excusable neglect." [Compilation 1911, § 5124.]

This follows the wording of the Code of Civil Procedure of California, § 473, which is construed to forbid departure as to parties or cause of action. Hackett v. Bank of California, 57 Cal. 335.

3. It is held accordingly that there can be no change of cause of action from a right arising at common law to a right arising under statutes. Thus, where negligence was alleged against the railroad at common law there can be no amendment bringing the claim under the Federal Employers' Liability Act. This is called a change from law to law. Union P. R. Co. v. Wyler, 158 U. S. 285, 39 L. ed. 983, 15 Sup. Ct. Rep. 877. In Foste v. Standard Life & Acci. Ins. Co. 26 Or. 449, 38 Pac. 617, it is held that another test is whether the same evidence would sup-

Vere v. Rosafa.

port action after the amendment as before. Thus a suit on a contract is a different cause of action from a suit on an account stated, although the statement of account may be after and in consequence of the special contract.

4. There are cases of part performance where a quantum meruit is allowed. They depend, however, either upon an express modification of the original contract, which is legally saying that the suit is upon the amended contract itself, or a separable claim when an entire contract can be apportioned. Bentley v. Edwards, 125 Minn. 179, 51 L.R.A.(N.S.) 254, 146 N. W. 347, Ann. Cas. 1915C, 882; Weber v. Clark, 24 Minn. 354. Of course there is the exception that, if the act of the other party approves part performance of the contract, the party not in default is entitled to a full recovery. Lunney v. Healey, 56 Neb. 313, 44 L.R.A. 593, 76 N. W. 558. No one can be permitted to take advantage of his own wrong.

5. Applying these principles to the facts of the case at bar, we find that the plaintiff brought Bianchi and the owners of the Coloso together for a contract, which was not carried out, for the purchase of the Coloso property at a certain price plus the assumption of a mortgage. This fell through because the Coloso owners, or the French bank, which seems to have had the whiphand, preferred to sell for an amount in cash which would cover at once the price of the property and the bank mortgage besides. The work of the plaintiff certainly stopped when the first provisional contract was rejected. While it may well be that it was his influence which led the defendants to go to Paris and make the new contract, it was a new contract that was made. To use a principle above mentioned, evidence of what the plaintiff would earn as a broker is different from what the evidence

must be under a contract which expresses the consideration. The purchase being a new contract, it was not the contract which the plaintiff negotiated or for which he was to receive compensation, and he was not prevented from earning his compensation by any act of the defendant. It cannot be said that the plaintiff earned anything under the contract regarded as an entirety. If there was any further contract that he should share in whatever might be agreed at Paris, at least it is not in evidence, and if it were it would be a departure from the cause of action set out in the complaint.

6. The case, therefore, must be disposed of adversely to the plaintiff on the pleadings on account of the departure of the amended complaint from the cause of action originally stated. The same result would follow, however, upon the merits, if they should be considered, and this leads to a consideration of the rights and duties of a broker or against his principal.

A broker usually acts for the seller on an agreed commission. His compensation may, however, be derived otherwise, as where he is to receive what the property is sold for above a fixed sum. But he may, on the other hand, act for the purchaser, receiving an interest in the property, or any other compensation which may be agreed. There is little difficulty in these cases except as to proof of the carrying out of the contract; but where the terms of the contract as carried out vary from those originally contemplated, as in the case at bar, there frequently arise disputes.

It is of course inequitable that a broker should bring the minds of the parties to the sale together and then be deprived of the fruits of his labor. In Lloyd v. Matthews, 51 N. Y. 124, it is said: "To entitle a real estate broker to compensation, it

is sufficient that a sale is effected through his agency as its pro-
curing cause; and if his communications with the purchaser are
the means of bringing him and the owner together, and the sale
results in consequence, the compensation is earned, although the
broker does not negotiate and is not present at the sale."

In Sussdorff v. Schmidt, 55 N. Y. 319, we read: "A broker
claiming a commission upon the sale of real estate must show
an employment, and that the sale was made by means of his
efforts or agency. His undertaking is to make efforts to procure
a purchaser, and if he fails he is entitled to no compensation,
unless there is a special contract. But if the purchaser is found
through his instrumentality he is entitled to a commission, al-
though the owner himself negotiates the sale, and although the
purchaser is not introduced to the owner by the broker, and the
latter is not personally acquainted with such purchaser."

One person cannot sue another, there is no vinculum juris
between one person and another, unless arising out of contract,
express or implied, or out of tort. There was no express con-
tract broken when the Bianchis bought Coloso on entirely dif-
ferent terms after they had failed to get the purchaser to take
those proposed by the plaintiff. There has been no tort or
wrongful act connected with the conduct of the Bianchis in
regard to the plaintiff. It can only be claimed the Bianchis
took advantage of the abandoned work of the plaintiff, which by
itself was fruitless, and by going on and adding to it accom-
plished the desired result in a different form, and could not have
accomplished anything on the plaintiff's terms. This may be a
misfortune for the plaintiff, but it is not such a misfortune as
creates a right of any kind; it is at most damnum absque in-
juria. It cannot be said to amount to a wrongful appropriation

Vere v. Rosafa.

by the defendants of the plaintiff's work. If there was any agreement to compensate plaintiff for what he had done, to proportion the contract, it does not appear.

7. To complete the discussion it might be added that, even if these difficulties were out of the way and the plaintiff were properly in court to sue for the value of his services in the purchase of Coloso by the defendants, the plaintiff has not proved the value of those services. He has not made any attempt to do so, and relies entirely upon the original agreement for $70,814, less an amount which he admits would go to Cabrera and Coll, and not to himself.

There may be cases in which the agreed amount would be a proper compensation in a suit upon quantum meruit, as where there was an immaterial variation or a variation which did not affect the labor performed. That, however, would not be this case. Where a broker is instrumental in the purchase of property A and the purchaser for his own reasons also buys property B, there would be no reason why the broker should not have whatever compensation was originally agreed upon. There might also arise the case where, in order to secure property A, the purchaser finds it necessary to buy also property B. Here it might be that the purchaser adopts the work of the broker, and should not be permitted to take advantage of it for other purposes without payment. The case at bar, however, does not resemble either of these hypotheses. The defendant purchased the property originally contracted for, not only upon entirely different terms as to price and payment, but after the arrangement negotiated by the plaintiff had fallen through against the protest of everyone connected with it in Porto Rico. It was not a case of adopting the work of the plaintiff and adding to

it, but a complete reconstruction of the work which plaintiff had started out to do and had not been able to accomplish. Plaintiff lost the fruits of his labor, but for this the defendants were not responsible.· The purchase as made was not the purchase negotiated by the plaintiff.

Upon the whole, therefore, the plaintiff has not made out his case and the finding of the court must be for the defendants.

Judgment will be entered accordingly, and it is so ordered.