## OGDEN SAVINGS & TRUST CO. v. BLAKELY et al.

No. 4292.   Decided November 13, 1925.   (241 P. 221.)

1. BROKER—FAILURE OF PURCHASER TO CONSUMMATE SALE ARRANGED BY BROKER UNDER AGREEMENT TO FIND PURCHASER IS NOT SUFFICIENT TO DEPRIVE BROKER OF COMMISSION. Where, under agreement that he would pay broker commission if broker would procure purchaser for property, ready, willing and able to take it on agreed terms or any other terms agreed to, on broker's finding purchaser to enter binding contract with owner, mere fact that purchaser subsequently refused to consummate sale is not sufficient to deprive broker of his commission.[1]

2. APPEAL AND ERROR—SUPREME COURT CANNOT PASS ON ASSIGNMENTS INVOLVING SUFFICIENCY OF EVIDENCE, WHERE IT IS NOT STATED IN WHAT PARTICULAR EVIDENCE IS INSUFFICIENT. Supreme Court cannot pass on assignments of error involving

---

[1] *Martineau* v. *Hanson,* 47 Utah, 549, 155 P. 432.

Corpus Juris-Cyc. References.

[1]   Brokers 9 C. J. p. 591 n. 19; p. 631 n. 4, 5, 6.
[2]   Appeal and Error 3 C. J. p. 1373 n. 42.
[3]   Appeal and Error 4 C. J. p. 999 n. 22; p. 1005 n. 68.
[4]   Appeal and Error 4 C. J. p. 999 n. 22; p. 1005 n. 68.

sufficiency of evidence, where it is not stated in what particular evidence is insufficient or fails to sustain findings.

3. APPEAL AND ERROR—WHERE UNDER LAW AS STATED BY SUPREME COURT EVIDENCE WAS IMMATERIAL, NO ERROR COULD RESULT FROM EXCLUSION THEREOF. Where, in view of law as stated by Supreme Court, excluded evidence was immaterial, no error could have resulted from such exclusion.

4. APPEAL AND ERROR—NO PREJUDICE COULD HAVE BEEN SUFFERED BY ADMISSION OF EVIDENCE, WHERE CASE WAS TRIED TO COURT WITHOUT JURY. Where case was tried to court without jury, prejudice could not have been suffered by admission of evidence which is objected to.

Appeal from District Court, Second District, Weber County; *J. N. Kimball*, Judge.

Action by the Ogden Savings & Trust Company, a corporation, against T. G. Blakely and Mabel Blakely. From a judgment for plaintiff and in favor of defendant last named, defendant first named appeals.

AFFIRMED.

*John G. Willis*, of Ogden, for appellant.

*Pratt & Pratt*, of Ogden, for respondent.

FRICK, J.

The plaintiff, a corporation, commenced this action in the district court of Weber county, against the defendants T. G. and Mabel Blakely, to recover a real estate broker's commission. The court entered judgment in favor of defendant Mabel Blakely, and as no one complains with respect to that she will not be further considered. The facts disclosed by the record, in brief, are: In January, 1924, T. G. Blakely (hereinafter called defendant) was the owner of certain real property, in the city of Ogden, which he listed for sale with the plaintiff, who at said time was engaged in the business of a real estate broker. The plaintiff and the defendant en-

tered into a contract in writing wherein it was agreed that if the plaintiff, upon the terms agreed upon, would "procure a purchaser for said property ready, willing and able to take it on said terms or any other terms that may be agreeable to me" (the defendant), he would pay the plaintiff as a commission 5 per cent. of the authorized selling price or 5 per cent. of the actual price for which the property should be sold. The plaintiff, within the time specified in the contract, found a prospective buyer. It then prepared an offer of sale in writing, in which the terms and conditions of sale were specified, and presented the same to the defendant, who accepted it in writing. It also presented said offer to the prospective buyer, who also accepted the same in writing. At the time the prospective buyer accepted the terms of the offer, he executed and delivered to the plaintiff, for the use of the defendant, his check for $100, upon which, however, he subsequently stopped payment, and thereafter also refused to consummate the deal. The court, in substance, found the foregoing facts, and further found that pursuant to the written agreement the plaintiff procured a purchaser for said property who made a written offer for the same, which offer the defendant duly accepted in writing. As a conclusion of law the court found that the plaintiff had performed the conditions of its contract and that it was entitled to judgment for $180, that being 5 per cent. of the amount offered by the prospective purchaser, which offer was accepted by the defendant as before stated. Judgment was accordingly entered, from which this appeal is prosecuted.

The defendant, among other things, insists that the court erred in its findings of fact and also in its conclusion of law. In his answer the defendant, as a defense to the action, averred that the check for $100 was delivered "upon certain conditions," without in any way specifying the conditions, and that payment thereof was stopped. As a further defense, he also averred that the plaintiff had not procured a buyer who was "either ready or willing nor financially able to purchase said property." While it is true that the purchaser stopped payment of the check and refused to consummate the

sale, yet there is nothing in the record which would justify a finding or conclusion that he was not "financially able to purchase said property." The question, therefore, arises: Does the fact that the purchaser stopped payment on the check and refused to carry out the terms of his agreement or offer of purchase constitute a valid defense as against the plaintiff and in favor of the defendant? In order to arrive at a proper solution of the question, it must be kept in mind that there is nothing in the agreement entered into between plaintiff and defendant which required the former to guarantee payment of the check. Indeed, plaintiff was not required to obtain part payment of the purchase price, much less guarantee payment of the same. All that the plaintiff was required to do in order to fulfill its agreement was to find a purchaser who was ready and willing to enter into a binding contract of purchase and who was financially able to pay for the property. That, so far as the record discloses, and according to the findings of the court, is precisely what the plaintiff did. The only argument advanced by defendant's counsel is that in view that the purchaser refused to consummate the deal, therefore plaintiff had not procured a purchaser who was willing to purchase the property, and hence plaintiff had not fully performed the conditions of its contract. Counsel has cited no authority in support of his contention. The law, however, is not as contended for by him. Where, as here, the broker finds a purchaser who enters into a binding contract with the owner of the property, the mere fact that the purchaser subsequently refuses 1 to consummate the sale is not sufficient to deprive the broker of his commission. In the case of *Lunney* v. *Healey,* 56 Neb. 313, 76 N. W. 558, 44 L. R. A. 593, the Supreme Court of Nebraska states the rule applicable to a case like the one at bar thus:

"Here the owner had fixed the price alone, and the other terms were to be arranged with the purchaser. The contract would only be performed by the production of a purchaser with whom the owner should actually make a bargain. The evidence on behalf of the plaintiff strongly tended to establish the averments of his petition. It appears that the purchaser by him produced actually

executed a contract to purchase the land, but it also appears that the contract was not performed, and it is inferable that the default was that of the purchaser. In spite of some authority to the contrary we are convinced that under such a contract as is here pleaded the broker is entitled to his commission when through his instrumentality a purchaser has been produced, able and willing to buy, and with whom the owner actually makes an enforceable contract of sale, even though that contract fails in performance through the default of the purchaser. In such case the vendor may usually enforce the specific performance of the contract, and he may in any case recover damages for the breach. In either way he gets the advantage of his bargain, and the broker has done all required of him. Such is the generally accepted view"—citing the following cases: *Love* v. *Miller*, 53 Ind. 294, 21 Am. Rep. 192; *Love* v. *Owens*, 31 Mo. App. 501; *Leete* v. *Norton*, 43 Conn. 219; *Pearson* v. *Mason*, 120 Mass. 53; *Bach* v. *Emerich*, 35 N. Y. Super. Ct. 548.

This court is committed to the doctrine announced in the Nebraska Case. See *Martineau* v. *Hanson*, 47 Utah, 549, 155 P. 432, where both the general rule and the exceptions, thereto are stated. See, also, *Kalley* v. *Baker* (City Ct.) 8 N. Y. S. 851, affirmed in 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542; *Greene* v. *Hollingshead*, 40 Ill. App. 195; *Lunney* v. *Healey*, 56 Neb. 313, 76 N. W. 558, 44 L. R. A. 593, where the cases in support of the foregoing doctrine are collated and reviewed.

Under the contract entered into between plaintiff and the defendant, the former had fully performed when it produced a purchaser who entered into a binding contract of purchase with the owner and who was able to pay the contract price. If the owner was unwilling to rely upon and enforce the contract against the purchaser, that fact did not concern the plaintiff. All that it was required to do was to find a purchaser who was able to purchase and who entered into a binding contract of purchase with the owner. If the purchaser refused to perform his contract, the defendant could either compel specific performance or recover his damages in a proper action for the breach. The plaintiff did not bind itself to procure a purchaser who would not only enter into a binding contract but who would also voluntarily perform it. True, counsel for the defendant insists that such performance was within the contemplation of the parties and

hence all that was contemplated was not effectuated. While that may be so as between the defendant and the purchaser, yet so long as the defendant had it within his power to compel performance he may not refuse to do so and deprive the broker of his commission, which under the terms of his contract he had fully earned.

Defendant also assigns error respecting the court's findings. Those assignments necessarily involve the sufficiency of the evidence, and as it is not stated in what 2 particular the evidence is insufficient or fails to sustain the findings we cannot aid the defendant.

It is also insisted that the court erred in the exclusion and admission of evidence. In view of the law as hereinbefore stated, the excluded evidence was wholly im- 3, 4 material, and hence no error resulted. Further, in view that the case was tried to the court without a jury, the defendant could have suffered no prejudice by the admission of the evidence which was objected to by him.

Upon the whole record, the judgment should be affirmed, with costs to respondent. It is so ordered.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.