[Argued March 21, 1893; decided March 28, 1893.]

## ELIZABETH LOVEJOY *v.* W. S. CHAPMAN.

[S. C. 32 Pac. Rep. 687.]

1. APPEAL— REFEREE'S REPORT— WEIGHT OF EVIDENCE.— Findings of fact by a referee, on conflicting evidence, and having sufficient testimony to support them will not be disturbed on appeal, on the ground that the weight of the evidence is against them.

2. COSTS IN EQUITY CASES — CODE, § 554.— The discretion in the taxation of costs in equity cases, vested in the trial court by Hill's Code, § 554, will not be reviewed except on a clear showing of abuse; and it is not an abuse of this discretion to tax the costs against defendant upon a decree rendered in favor of plaintiff in a suit to redeem a contract for the purchase of land which had been assigned to defendant as security for a loan, where, although plaintiff did not tender any sum to defendant for the redemption of the contract, the latter did not admit that he held the property as security, or was ready or willing to re-assign the contract on payment of the amount due.

3. PAROL EVIDENCE — MORTGAGE.— Parol evidence is admissible to show that an assignment of a contract of sale of realty was in fact a mortgage made to secure a loan. *Swegle* v. *Belle*, 20 Or. 323, approved and followed.

4. MORTGAGE— DEED.— A mortgage created by an assignment of a contract of sale of realty to secure a loan, cannot be converted by the mortgagee into an absolute transfer of the contract without the mortgagor's consent. *Marshall* v. *Williams*, 21 Or. 268, approved.

Multnomah County: JAMES A. FEE, Judge.

Suit by Elizabeth Lovejoy against W. S. Chapman to redeem a land contract from a mortgage, and for an accounting of the proceeds of certain mortgaged chattels. Decree for plaintiff, and defendant appeals. Affirmed.

*Albert H. Tanner (John H. Mitchell* on the brief), for Appellant.

*James F. Watson (Edward B. Watson* on the brief), for Respondent.

This is a suit to redeem a contract of sale of real property made by the Oregon & California Railroad Company to plaintiff, which she assigned to the defendant. She alleges that said assignment was made to secure the payment of two hundred and fifty dollars loaned to her by the defendant, and that, as additional security, she mortgaged to the defendant a large quantity of goods and canning tools, of the value of nine hundred and sixty dollars, which he sold, and converted the proceeds to his own use; that defendant refused to permit her to redeem the contract, and that the amount due from her to him was fully paid by the proceeds of said sale. The answer practically admits that the certificate evidencing said contract was assigned as security for a loan; that defendant agreed to reässign the same to plaintiff upon the payment thereof; and that plaintiff having failed to redeem within the time prescribed, the assignment had become absolute. It further denies that the amount loaned was not more than two hundred and fifty dollars, and alleges that the several sums loaned to her, and paid on her account, together with interest thereon, amounted to. one thousand three hundred and twenty-two dollars and forty-three cents, and credits her with one hundred and fifty dollars on account of the sale of said goods and canning tools. After the issues were completed, the cause was referred to Robert G. Morrow, Esq., who took the testimony, and reported his findings of fact and conclusions of law thereon. The court affirmed this report, and decreed that defendant, within thirty days, reässign said certificate to plaintiff, upon the payment to him of three hundred and ninety-two dollars and ninety cents, and awarded costs and disbursements to plaintiff, from which decree the defendant appeals.

MOORE, J. (after stating the facts).—The evidence shows that on June 16, 1886, the defendant, by W. E. Mulhollan, his agent, loaned one hundred dollars to the plaintiff, and that, to secure the payment thereof, she executed and delivered to said Mulhollan a chattel mortgage upon some goods and canning machinery; that on June thirtieth, the defendant, by his said agent, loaned forty-five dollars more to plaintiff, and to secure the payment thereof. she executed and delivered to said Mulhollan a chattel mortgage for one hundred and forty-five dollars upon the same property; that the debt secured by the first mortgage was merged in the second; that on August seventeenth the defendant, by his said agent, loaned more money to the plaintiff, and she executed and delivered to said Mulhollan another chattel mortgage for two hundred dollars upon the same property, which several mortgages were duly assigned to defendant. The evidence in relation to the amount of money loaned to plaintiff on August seventeenth is quite conflicting. The plaintiff testifies that she received a sum which, added to the one hundred and forty-five dollars she owed the defendant, made two hundred dollars, and that the former debts were merged in this mortgage; while the defendant testifies that he loaned her at that time two hundred dollars, and that this was in addition to the one hundred and forty-five dollars, and in this he is corroborated by the testimony of W. E. Mulhollan. The evidence further shows that plaintiff had a contract with Messrs. Mason, Ehrman & Co., of Portland, by which they agreed to purchase canned goods from her; and to further secure the defendant she issued an order on Messrs. Mason, Ehrman & Co., whereby she requested them to pay to W. E. Mulhollan one dollar per case for the first two hundred cases of canned goods shipped to them by her. This order they duly accepted, and agreed to pay upon said conditions. The plaintiff failed to deliver any goods to them upon said contract, but on September thirteenth she delivered to Messrs. E. S. Larsen & Co. two hundred

cases of canned Bartlett pears, which they shipped to San Francisco on her account, and gave her a statement thereof, which she, on October eighth, duly assigned to said W. E. Mulhollan, who commenced an action against said Messrs. E. S. Larsen & Co. for the amount due thereon, and judgment having been rendered against him for costs, amounting to seventy-one dollars and ninety-five cents, he paid the same, and on July 25, 1887, reässigned said statement to plaintiff.

The plaintiff, on April 12, 1887, for the expressed consideration of two hundred and twenty-five dollars, and in order to further secure the defendant, duly executed and delivered to him said land certificate, and he executed and delivered to her a writing, in which he agreed to rëassign said certificate upon the payment of the amounts due, and interest. The plaintiff testifies that at that time a settlement was had, and that two hundred and twenty-five dollars was the whole amount due from her to him, while defendant testifies that he loaned her this two hundred and twenty-five dollars in addition to the former amounts. It appears that on the next day after the execution of said assignment, defendant loaned plaintiff twenty-five dollars, and since said assignment of the certificate, has paid to the railroad company eighty-three dollars and eighty-five cents as installments due thereon.

1. The conflict in the testimony as to the amount due the defendant renders the true account between the parties difficult of ascertainment. There are, however, some circumstances which seem to illustrate the dealings of the parties, and no doubt aided the referee in reaching a conclusion that the plaintiff's theory was correct: 1. When the second loan was made of forty-five dollars, a new mortgage was taken for one hundred and forty-five dollars, and this would appear to indicate that when each loan was made it was added to the previous amount loaned, and a new mortgage taken to secure the whole sum. 2. When the order was given upon Messrs. Mason, Ehrman & Co. for two hundred dollars, if there had in

fact been three hundred and forty-five dollars due, the order would probably have been for more than the amount named therein; and, 3, the consideration of two hundred and twenty-five dollars, expressed in the assignment of the certificate, would appear to indicate that this was the amount then due. The referee had the advantage of seeing the witnesses and of hearing them testify, and from this fact he is better able to pass upon the weight of the evidence than any court can be from an inspection of the record; and, since there are circumstances which tend to corroborate him, we must conclude that his findings are correct, and that the defendant has inadvertently overlooked or forgotten that each mortgage or other security embraced all the preceding loans.

2. Appellant contends that the costs should not be taxed to him. It is true that the plaintiff did not tender any sum to the defendant for the redemption of the certificate; but the defendant did not allege that he held the property as security for a loan, or that he was ready or willing to reässign said certificate upon the payment of the amount due. Section 554, Hill's Code, invests the trial court with a discretion in the taxation of costs in equity cases, and this discretion will not be reviewed, except in cases of an abuse thereof.

3. That the certificate was assigned as a security, there can be no doubt. That such a transfer is a mortgage, and that this fact may be established by parol, is the settled law of the state: *Swegle* v. *Belle,* 20 Or. 323 (25 Pac. Rep. 323).

4. The assignment having been executed as a mortgage, the defendant could not convert it into an absolute transfer without the consent of the plaintiff: *Marshall* v. *Williams,* 21 Or. 268 (28 Pac. Rep. 137).

The decree will be affirmed.