Appeal from Third District

## SWANSON v. SIMS.

No. 3094.    Decided December 21, 1917.    On Petition for Rehearing
February 11, 1918.    (170 Pac. 774.)

1. APPEAL AND ERROR—RECORD ON APPEAL—ENTRIES NUNC PRO TUNC.
Court rule No. 5 (33 Utah vii, 97 Pac. vii), providing that ''for the
purpose of correcting any error or defect in the transcript either party
may suggest the same in writing to this court, specifying such error
or defect, and obtain an order that the proper clerk certify the whole
part of the record, as may be required,'' does not permit considera-
tion of an answer to the counterclaim filed after the appeal was taken
by securing leave of court to file such answer nunc pro tunc.    (Page
492.)

2. APPEAL AND ERROR—SCOPE OF REVIEW—JUDGMENT ROLL.    Assign-
ments of error that findings are not supported by any evidence and
are contrary to law may be considered when the judgment roll is
before the court, though the bill of exceptions containing the testi-
mony was stricken.    (Page 493.)

3. PLEADING—COUNTERCLAIM—FAILURE TO REPLY.    Failure to reply to
a counterclaim admits its allegations.    (Page 494.)

4. EVIDENCE — ADMISSIBILITY — PAROL EVIDENCE VARYING WRITING.
The rule excluding parol evidence varying writings does not prevent
taking allegations of the counterclaim as admitted when not replied
to, in an action to restrain breach of prohibitory clause of a contract
for sale of a moving picture theater, where the counterclaim set up
fraud alleging that the contract as sued on had not in fact been
made.[1]    (Page 495.)

5. INJUNCTION—RESTRAINING BREACH OF CONTRACT ORDERS—DISCRE-
TION OF COURT.    Restraining the threatened breach of a contract
not to engage in business under certain conditions is a matter within
the discretion of the court.    (Page 496.)

6. EQUITY—RIGHT TO SUE.    Where plaintiff sued to restrain breach of
a contract and the counterclaim, which was not denied, alleged that
the contract as sued on had not been made, plaintiff could have no
relief, since he did not come into court with clean hands.    (Page
497.)

On Petition for Rehearing.

7. APPEAL AND ERROR—REHEARING—GROUNDS.    A party who went to
trial and permitted an appeal upon one theory and argued the

---

[1] *Smith* v. *Brown*, 50 Utah, 27, 165 Pac. 469;    *Martineau* v. *Hanson*,
47 Utah, 549, 155 Pac. 432.    Distinguishing *Smith* v. *Cannady*, 45 Utah,
521, 147 Pac. 210, and *Vance* v. *Heath*, 42 Utah, 148, 129 Pac. 365.

cause thereon could not, on a motion for rehearing, secure considera-
tion of a different ground.   (Page 497.)

8.  TRIAL—EQUITY CASE—FINDINGS OF JURY—ADOPTION.  In an equity
    case where the jury found the facts as alleged in the counterclaim,
    which had not been denied, and the court erroneously, in its find-
    ings, excluded the counterclaim and the admissions contained therein,
    his finding in legal effect adopted the jury's finding as being sup-
    ported by the evidence, if the evidence excluded was admissible.
    (Page 499.)

9.  TRIAL—EQUITY CASE—FINDINGS OF JURY.  In an equity case, the
    trial court is not bound by the findings of the jury.  (Page 499.)

10. CONTRACTS—EQUITY—FRAUD—RELIEF.  Fraud, if established, viti-
    ates all contracts, and the party defrauded may be relieved from
    the burden in a court of equity.  (Page 499.)

Appeal from District Court of Salt Lake County, Third
District; *Hon. M. L. Ritchie*, Judge.

Suit by William H. Swanson against H. A. Sims.

Judgment for plaintiff.  Defendant appeals.

REVERSED and remanded, with directions.

*R. W. Young* and *R. W. Young, Jr.*, for appellant.

*Allen T. Sanford* for respondent.

## APPELLANT'S POINTS

''The rule which excludes parol evidence to contradict or
vary the terms of a written agreement can be applied only
when a written agreement is proved to exist between the
parties, and consequently parol evidence is admissable to
show that a writing, although purporting on its face to be a
contract, was not in fact intended by the parties to be such.''
17 Cyc. 692, 694.

And the rule is further stated on page 694 of the same
volume of Cyc. as follows:

''So also evidence which is offered not for the purpose of
varying or contradicting the terms of a written instrument but
to show that it was never intended to be operative between the

parties and never in fact had any legal existence as a contract or grant is admissible.''

Of course, on principle, there is absolutely no distinction between the introduction or oral evidence to ·show first, that the contract in its entirety is not in fact such, or second, that a distinct and easily separate clause has found its way into the document against the express understanding and agreement of all parties to the contract.

(*Gregg* v. *Groesbeck*, 11 Utah, 310; *Birley & Sons* v. *Dodson*, [Md.] 66 Atl. 488; *Colonial Park Estates* v. *Massart*,⁻ [Md.] 77 Atl. 277; *Wiltsie* v. *Fifield* [Ia.] 121 N. W. 1086; *Koehler* v. *Duggan*, 96 N. Y. S. 1025; *Southern Street Ry.* v. *Metropol Shoe Co.* [Md.] 46 Atl. 513; *Buck* v. *Dulaney*, 153 N. S. 234; *Laoalleur* v. *Hahn*, 132 N. W. 882 [citing and approving 17 Cyc. 692]; *Brebe* v. *Swords* [N. D.] 149 N. E. 127, [citing and approving 17 Cyc. 694]).

''Where the execution of a written instrument has been induced by an oral stipulation made at the time on the faith of which the party executed the writing but such agreement is omitted from the writing, evidence of the oral agreement may be given although it may have the effect of carrying the written contract, where there has been an attempt to make a fraudulent use of the instrument in violation of such promises or agreement, or where the circumstances would make the use of the writing inconsistent with such agreement, dishonest or fraudulent.''   17 Cyc. 633; 10 R. C. L. 1059.

Cited and approved in *Lavalleur* v. *Hahn*, 132 N. W. 877. See, also, *O'Brien* v. *Patterson Brewing & Malting Co.*, 61 Atl. 437; *Gaudy* v. *Weckerly*, 69 Atl. 858; *Culman* v. *Lindsay*, 6 Atl. 322; *Thomas* v. *Loose*, 6 Atl. 326; *School District* v. *Sidney Co.*, 18 Atl. 604; *Thudum* v. *Yost*, 11 Atl. 436; *Chuck Valley Co.* v. *Willing*, 36 Atl. 737.

That a promise to do an act in the future if made in bad faith constitutes fraud is beyond controversy:

*McLaughlin* v. *Thomas* (Conn.) 85 Atl. 370; *Sallies* v. *Johnson*, 81 Atl. 974; *Laugley* v. *Rodriquez* [Cal.] 55 Pac. 406.

(This decision is based on a provision of the Cal. Civil Code, but this code is in turn the expression of the Common Law.)

*Murray* v. *Drake,* 46 Cal. 644 (wherein a written lease covered the whole building and oral proof, admitted, showed an oral modification made before signature omitting the second story. See, also, *Brison* v. *Brison,* 17 Pac. 689.

The law seems well settled that a promise made without intention to perform will support an action for deceit and fraud. 20 Cyc. 22 (B.), Note 78; Page 2239, Perm. Anno. Cyc.; Page 983, 1914-16 Anno. Cyc.

## RESPONDENT'S POINTS

There is, seemingly, some authority in Pennsylvania supporting appellant's contention, but we believe that even in that state, which has gone farther than any other state in admitting oral evidence, the appellant's contention finds no support. The rule there seems to be that a contemporaneous oral agreement inducing the making of an instrument may be shown where it is not wholly inconsistent with the writing, and it appears that the oral agreement has been violated as soon as the representation has accomplished its purpose. But where the oral agreement is wholly inconsistent with the written agreement, and both cannot stand, it is held that parol evidence is not allowable. *(Clarke* v. *Allen,* 132 Pa. 40; 18 Atl. 1071; *Irvin* v. *Irvin,* 142 Pa. 271; 21 Atl. 816; *Woodock* v. *Robinson,* 148 Pa. 503; 24 Atl. 73; *Union Storage Co.* v. *Speck,* 194 Pa. 126; 45 Atl. 48.)

"The averments under consideration do not disclose any mutual mistakes in making or reducing to writing or performing the agreement of July 22nd, because they do not show that the defendants did not intend to make and perform that contract. They fail to disclose any fraud, because the promises they recite relate to the future. They do not constitute the misrepresentation of any existing fact which conditioned the trade. And fraud may not be predicted on a promise or a prophecy.  *  *  *  The averments of the complaint are that, in the oral negotiations which led to it, the defendants represented to and assured the plaintiff that this contract should not have that effect, but that it should itself be void while the contract of June 14th should still remain

in force. Such allegations as these are futile to avoid the deliberate written contract of the parties. No evidence can be received under them, because its admission would fly in the teeth of the salutary rules that all prior negotiations are merged in the written contract which results from them, and that parol evidence cannot be received to contradict or modify its terms or its legal effect. *(Housekeeper Pub. Co.* v. *Swift,* 97 Fed. Rep. 290. See also *Atchison, T. & S. F. Ry. Co.* v. *Vanordstrand,* 73 Pac. 113; *Knowlton* v. *Keenan,* 146 Mass. 86, 15 N. E. 127.

Parol evidence is not admissible to prove that at the time of the execution of a bond, the obligee stated he would not hold the obligor responsible. *(Cowel* v. *Anderson,* 33 Minn. 374, 23 N. W. 542; *Woodward* v. *McGaugh,* 8 Mo. 161; *Chetwood* v. *Brittain,* 2 N. J. Eq. 438; *Wells* v. *Baldwin,* 18 Johns 45; *American Sur. Co.* v. *Thurber,* 23 N. E. 1129; *Howell* v. *Hooks,* 17 N. C. 258; *Barnett* v. *Barnett,* 2 S. E. 733.)

The matter involved here is really settled by a long line of decisions in Utah, the first case being *Groome* v. *Ogden City,* 10 U. 54; 37 P. 90, in which the inviolability of the parole evidence rule is sustained.

Next comes the *First National Bank* v. *Foote,* 12 U. 157, 42 P. 205, where the Court, quoting from *Wright* v. *Remington,* 41 N. J. L., 48, says:

"A person who is so ill advised as to execute a written contract in reliance upon the assurance that it will not be literally enforced must submit to the loss if he is deceived, and cannot ask that a principle of great moment to the community shall be made to yield for the sake of relieving him from the consequences of his indiscretion."

This is followed by the case of *Moyle* v. *Congregational Society,* 16 Utah 69; 50 P. 806, where it was held that oral evidence of an understanding of an agreement which nullified a part of the stipulation of the written agreement was clearly inadmissible. Then *McCall* v. *Jennings,* 26 U. 459, 73 P. 639, holds that oral statements and promises made just before the execution of the contract tending to vary it are not admissible.

The other Utah cases are *McCornick* v. *Levy,* 37 Utah 134,

106, P. 660; *Vance* v. *Heath,* 42 Utah 148, 129 Pac. 365; and *Smith* v. *Cannady,* 45 Utah 521, 147 Pac. 210.

GIDEON, J.

It is alleged that the defendant, together with four others, entered into a contract with plaintiff for the sale of all the stock in a Utah corporation known as the Liberty Theater Company for a consideration mentioned, which consideration was paid.  It is further alleged that the said theater company was the owner of and conducted two moving picture shows in Salt Lake City, Utah, known as the American and Liberty theaters; that among other provisions in the contract defendant, with his associates, agreed, each for himself, that they would not, directly or indirectly, or through any corporation, be in any manner interested in, or promote the organization, operation, or management of any moving picture theater in Salt Lake City for a period of five years from July 1, 1915. It is also alleged that the defendant, at the date of the complaint, was, and prior thereto had been, as manager, operating the Isis Theater, was interested in such theater, and was promoting a corporation for the erection of a building on the site where said Isis Theater is located with the object of carrying on and conducting therein a moving picture show; that the same would be a competitor of the American and Liberty Theaters, and would be to the injury of plaintiff as the owner of the stock of the Liberty Theater Company.  An order restraining the defendant from in any way violating the provisions of the contract is prayed for.

The defendant answered, admitting the execution of the contract; that he is acting manager of the Isis Theater located in Salt Lake City, and also that he is promoting a corporation which has for its object the erection of a new building on the site of the Isis Theater, for the purpose of conducting therein a moving picture show.  As a further defense, and by way of counterclaim, the defendant alleged that prior to July 1, 1915, the date of the execution of the contract, the parties to that contract, including plaintiff and defendant, had orally agreed,

as a result of numerous consultations, upon the terms of a contract for the sale of all the stock of the Liberty Theater Company; that said agreement, as orally made, did not contain any mention of or reference to the provision wherein it was provided that defendant and the other parties to that agreement would not in any way engage in or be connected with the ownership or operation of any moving picture show within Salt Lake City during five years; that when the parties met on July 1, 1915, to execute said contract, then for the first time, the written contract embodying the provision hereinbefore mentioned was submitted to defendant; that upon the submission of said written form of contract to defendant for his signature he refused to sign the same unless the prohibition aforesaid was eliminated therefrom; that thereupon plaintiff requested defendant to sign the contract as written, and agreed and stated that he, the defendant, would not be held to or bound by said provision, and that he, the plaintiff, would furnish defendant with a written agreement, statement, or letter to that effect; that, relying on such statement by plaintiff, and not otherwise, defendant attached his name to the contract. The counterclaim further states that said agreement or promise on the part of plaintiff was fraudulent, and was made to induce defendant to sign the contract containing the aforesaid objectionable and prohibitory clause; that defendant never at any time agreed to such provision, and that such alleged agreement or provision in said contract was never at any time any part of the consideration passing between the parties.

Trial was had and findings made in favor of the plaintiff. Judgment was entered, restraining defendant from in any way violating the terms of the contract as set out in the pleadings. From that judgment defendant appeals to this court.

A bill of exceptions, embodying the testimony taken and the proceedings had at the trial of this cause, was, upon motion of plaintiff's counsel, stricken from the record on appeal, and the matter is now before this court on the judgment roll only. From the judgment roll it appears that no reply or answer was ever made to the counterclaim.

Before considering the merits of the appeal, it is necessary to determine one or two preliminary matters and some objections made by respondent. As stated, no reply or answer, as appears from the judgment roll, was made to the counterclaim. The appeal was perfected and the record filed in this court on June 15, 1917. On November 7, 1917, respondent's counsel appeared before the district court of Salt Lake county (from which court the case had, prior thereto, been brought to this court on appeal, and the bill of exceptions stricken on respondent's motion as aforesaid), and obtained an order from that court permitting counsel to file with the clerk of that court a reply denying the allegations of the counterclaim. The language of the order is:

"The motion of the plaintiff, Wm. H. Swanson, to enter upon the record that a reply was filed in the above-entitled cause at the time of the trial thereof and to file nunc pro tunc, having been heretofore argued and submitted to the court and taken under advisement, and the court having considered and being now fully advised in the premises, it is ordered that the motion of the plaintiff to enter upon the record that a reply was filed be, and it is hereby, denied; but the motion of the plaintiff to file a reply at this time nunc pro tunc be, and the same is hereby, granted."

That order, with the reply, is certified to this court by the district court, and respondent now asks that it may be considered on this appeal as a part of the judgment roll. Counsel claims the right to have such reply considered under rule No. 5 of this court (33 Utah vii, 97 Pac. vii), which so far as material here, is:

"For the purpose of correcting any error or defect in the transcript either party may suggest the same in writing to this court, specifying such error or defect, and obtain an order that the proper clerk certify the whole or part of the record, as may be required."

It affirmatively appears from the foregoing order of the district court that the reply now sought to be made a part of the judgment roll was not in existence, and consequently was no part of the record at the time the appeal was perfected.

In other words, it is attempting to get before this court proceedings of the district court had months after the appeal was perfected, and which never existed until such order of the district court was made. The object of such rule is to make the record in this court state the facts as they were at the date of appeal, and not to incorporate therein something that did not exist at that time. The reply cannot be considered in determining this appeal.

Respondent contends that under the assignment of errors as made there is nothing before this court for review. The first assignment assails the finding of the court wherein it is found that defendant agreed that he would not, either directly or indirectly, be interested in or connected with the management of any moving picture theater in Salt Lake City for a period of five years. The second assignment strikes practically at the same matter, in that it is therein alleged that the court erred in finding that defendant had violated the contract by engaging in the moving picture business in Salt Lake City within five years from the date of the contract. The third assignment is that the court erred in finding that the contract, as written, was a binding and subsisting contract. Other assignments cover substantially the same objections. It is true that the assignments state that the objections are made because the findings complained of are "not supported by the evidence." It is also asserted that the conclusions are contrary to law. Respondent argues that, inasmuch as the evidence is not before this court, it cannot determine whether the findings are supported by the evidence or not. The record, consisting of the judgment roll, is before the court, and if that is not sufficient to support the findings complained of, then such findings are not supported by any evidence. And if the admissions in the record do not support the court's conclusions, of necessity, such conclusions are contrary to law. This objection cannot prevail.

Proceeding now to the merits. No reply having been made to the allegations in the counterclaim, they stand admitted. In addition it appears from the judgment roll that a jury was impaneled in the trial of the action, and some fourteen

special interrogatories were submitted to that jury.      3
The answers made by the jury to each and all of the
interrogatories were to the effect that the allegations of the
counterclaim were supported by the evidence, and were to
the effect that the allegations of the counterclaim were sup-
ported by the evidence, and were true. We must assume, not
having the evidence before us, that there was ample testimony
submitted to the jury to authorize such findings. It appears
from the findings that this particular clause or provision of
the contract now under consideration was never discussed,
considered, or agreed to, by the parties in the oral negotia-
tions; that it was for the first time submitted to defendant
at the time of the execution of the contract; that defendant
refused to sign the contract without the prohibitory clause
being eliminated, and that thereupon plaintiff stated to him
that the same should not be considered binding; that, relying
upon that statement, defendant attached his name to the con-
tract; that plaintiff gave such assurance to defendant with the
intention not to abide by or keep the same. The court rejected
the findings of the jury, and refused to consider any testi-
mony offered by defendant in support of the allegations of
the counterclaim, on the theory that the same was not admis-
sible because tending to vary the terms of a written contract.
It was the contention of appellant in the district court, and
is in this court, that the allegations of the counterclaim and the
findings of the jury do not tend to vary or contradict the
terms of the written contract, but, on the contrary, show that
no such contract as claimed by respondent was ever in exis-
tence, and that possession of the contract as executed by de-
fendant was given plaintiff on condition that the provision of
the contract now under consideration should not be binding
on defendant. Such are the allegations of the counterclaim
which stand admitted, and such are the findings of the jury
to whom special interrogatories were submitted.

That the admission, as here, of facts, as indicated, or that
evidence may be heard to establish such facts, and, when
proven, the existence of such facts will defeat a recovery
upon a written contract, is, we think, clearly established

by the authorities.  Not in any way tending to vary or        4
contradict the terms of a written contract, but to pre-
vent the enforcement of a contract that never, as a matter of
fact, existed, and to prevent, as alleged in the counter-
claim, and as found by the jury, enforcement of a con-
tract the signature to which was procured by fraud and
deceit.  *Bradburry* v. *White,* 4 Greenl. (Me.) 391; *Wiltse*
v. *Fifield,* 143 Iowa, 332, 121 N. W. 1086; *Burke* v. *Dulaney,*
153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698; 17 Cyc. 692,
694.  To the same effect are the decisions of this court in the
recent cases of *Smith* v. *Brown,* 50 Utah, 27, 165 Pac. 469,
and *Martineau* v. *Hanson,* 47 Utah, 549, 155 Pac. 432.  It is
true that in the decisions last cited the right to introduce
parol testimony to show that the notes were conditionally
delivered was, under a statute.authorizing such defense, but
while that is so, that statute is merely declaratory of the
general rule of law which existed prior to its enactment.  It
may be said that the contract in question was not delivered
upon condition.  Yet the facts show that it was executed and
delivered on the condition and under the express promise that
the particular provision of the contract in question should not
be binding upon defendant, and that the contract, so far as
he was concerned, was not complete, but was to be completed
by respondent causing a writing to be executed, which would
eliminate that particular provision from the contract so far
as respondent is concerned.

Respondent further urges that any holding by this court
contrary to the rulings of the district court will be in the face
of its prior decisions, and especially the recent case of *Smith*
v. *Cannady,* 45 Utah, 521, 147 Pac. 210.  No contention was
made in that case that the written contract was anything
except what the parties intended it to be, or that it did not
express the intention of the parties at the time.  In addition,
the court, in reversing the case and in holding that the lower
court erred, gave as one of its chief reasons that "there are
neither allegations nor proof of fraud, deceit, or misrepresen-
tations which affect the execution or legal existence or binding
force of the assignment."  Neither is there any contention in

*Vance* v. *Heath,* 42 Utah, 148, 129 Pac. 365, cited by respondent, that the contract there in question was obtained through deceit or false promises or representations. The rulings in those cases are not applicable to the facts as disclosed by the record in the case at bar.

In addition, even though we were constrained to hold that the court did not err in excluding the testimony on the ground that it tended to vary or contradict the terms of the written contract between the parties, still the plaintiff would not be entitled to the relief sought in this action under the admitted facts, or under the facts alleged if proven, because restraining or enjoining the violation of a contract, which in this case is, in effect, decreasing a specific performance of the same, is not a matter of right, but is a matter of discretion in a court of equity. In *Huntington* v. *Rogers,* 9 Ohio St. at page 516, it is said:

"A specific performance of a contract of sale rests in the sound legal discretion of the court, in view of all the circumstances of the case. It is not a matter of right, but of grace; and the defendant will succeed in procuring the dismissal of the bill if he can convince the court that the exercise of their jurisdiction will be inequitable under the circumstances. 2 Leading Cases in Equity, vol. 2, pt. 1, Section 547, and cases there cited. 'There are a few cases in which equity will insist on the maxim that he who seeks equity must do it with more rigor than in those of suits for specific performance.' Id. 550. And it makes no difference whether the circumstances which render the claim for specific performance, when made, inequitable arose prior or subsequent to the date of the contract sought to be enforced. *Perkins* v. *Wright,* 3 Har. & McH. [Md.] 326. In either case, a court of equity will leave the parties to their remedies at law."

On this same subject, Mr. Justice Cooley, in *Chambers* v. *Livermore,* 15 Mich. at page 388, says:

"Specific performance, even of a binding contract, is not a matter of right; and a court of equity will refuse it, and turn the complainant over to his remedy at law, if not clearly satisfied that it embodies the real understanding of the parties."

See, also, *Quinn* v. *Roath,* 37 Conn. 16.

Plaintiff is seeking the aid of a court of equity to enforce a contract, which, under the admissions as contained in the

pleadings, as well as the findings of the jury, he procured by fraud and deceit. A court of equity is a court of conscience, and any one appealing to or asking the aid of such court should come into it with clean hands. As indicated, we must assume that the allegations of the counterclaim are true for the reasons stated. Such being admitted, it would be inequitable and unjust to specifically enforce this contract as against defendant for the reason that it affirmatively appears that the contract was executed upon verbal promises and assurances that that provision would not be enforced and was not to be binding on defendant.

It follows that the court erred in its findings of fact and in its conclusions and judgment. The cause is therefore reversed and remanded to the district court of Salt Lake County, with directions to that court to make findings of fact and conclusions of law in accordance with the views herein expressed, and to enter judgment dismissing the bill; appellant to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.

ON Petition for Rehearing.

GIDEON, J.

Respondent has filed a petition for rehearing in which it is strenuously insisted that the court erred in holding that, as there is no reply made to the allegations of the counterclaim appearing in the judgment roll, this court was wrong in accepting the allegations as admitted facts. Respondent contends that, inasmuch as the plaintiff went to trial without a reply to the counterclaim, a reply was therefore waived, and numerous authorities are cited in support of that contention. That question or contention is presented for the first time in the petition for rehearing. Appeal was perfected and transcript filed in this court on June 19, 1917. Thereafter, the abstract was filed, and the appellant filed his brief

on October 17th. The case was argued on October 18th and submitted, and the respondent was then given time to file his brief. Thereafter, on October 20th, the respondent's motion to strike the bill of exceptions was granted, and that left the appeal to be heard and determined upon the judgment roll. On November 10th respondent appeared in this court, and presented a certificate from the clerk of the district court, indicating that on the 7th day of November, 1917, counsel had obtained an order from the district court in which respondent was authorized to file a reply nunc pro tunc to the counterclaim, and that was submitted to this court on November 10th, based upon a motion to make the reply part of the judgment roll. Thereafter, on November 14th, respondent, within the time allowed, filed his brief. In the brief, counsel challenged the sufficiency of the assignments, but his chief argument and principal contention was that the counterclaim did not state facts sufficient to entitle the defendant to any relief, either affirmatively or as a defense. The case was considered upon the points presented in the argument, and this court held adversely to respondent's contention. Nowhere in his brief or in the oral argument was there any intimation or contention that the appellant had waived a reply to the allegations of the counterclaim. On the contrary, it was, at least by inference, admitted that if this court did not permit the filing of the reply allowed by the district court on November 7th, the case would be considered upon the admitted facts as contained in the counterclaim, and counsel proceeded to argue and have the case determined upon those questions. Now, for the first time, we are presented with a new theory. Counsel ought to at least be consistent. We considered the questions argued by counsel, and decided the case on the theory contended for by him, and he will not now be permitted to present to this court a new theory or contention which was neither in the record as it was before this court nor in the arguments made. Under the circumstances we do not feel called upon to pass upon the question as to whether appellant might not or did not waive the filing of reply.

In addition, as we view the case, after all it is immaterial

whether a reply be deemed to have been waived or not. The jury impaneled by the court found the facts in favor of the counterclaim. The court below, when rendering its findings, did not pass upon the facts at all as found by the jury, but erroneously assumed that the evidence offered by the defendant was incompetent because it tended to vary and contradict a written contract. If the court had found in favor of the respondent on the evidence, and had found facts not in accord with the jury's findings, then a different question would be presented to this court. But the court's ruling excluding the testimony left the jury's findings intact and unimpeached, and in legal effect adopted such findings as being supported by the evidence, if such evidence was admissible.

It is further insisted that the opinion of the court in effect holds that the verdict of a jury in an equity case is final and binding upon the chancellor. No such statement is contained in the opinion; neither can such conclusion be fairly made from the opinion as written. What we did hold and do hold is that the facts as stated in the counterclaim, and which were treated as admitted by counsel in his argument, if the reply was not permitted to be filed, were sufficient as matters of law to prevent a recovery on the part of the plaintiff. Had the court sought to disregard the findings of the jury as not agreeing with his conclusions of what the testimony established, it is needless to say that the court was in no sense bound by the jury's findings, and could have made such findings as the court thought the testimony warranted.

In the counterclaim in question it is alleged that the defendant was induced to place his name to the contract, sought to be enforced, by the false and fraudulent representations of the plaintiff, respondent, and which false and fraudulent representations were made with the intent and purpose of inducing defendant to sign the contract. The jury's findings support those allegations. It has been considered an elementary proposition that fraud vitiated all contracts when established, and that any one induced to make

a contract by false representations could be relieved from the burden thereof by a court of equity. Such in short is the holding of this court in its opinion in this case. That principle of law has been usually recognized by all courts and text-writers, and we do not feel disposed to depart from a rule founded, as it is, upon ordinary common honesty.

The petition for rehearing is denied.

FRICK, C. J., and McCARTY, CORFMAN, and THUR-MAN, JJ., concur.