## YOUNG v. CORLESS, Sheriff, et al.

No. 3462. Decided July 21, 1920. On Petition for Rehearing July 29, 1920. (191 Pac. 647.)

1. PUBLIC LANDS—CERTIFICATES OF SALE OF STATE LAND CONSTITUTED MORTGAGEABLE INTEREST, AND ASSIGNMENT THEREOF WAS EQUITABLE MORTGAGE SUBJECT TO REDEMPTION. Certificates of sale of land by the state under Comp. Laws 1917, section 5589, represented an interest in land that could be mortgaged, and an assignment of such certificate as security for a debt constituted an equitable mortgage of the interest of the mortgagor in real estate, and not a pledge of personalty, and after a sale of such certificates by the creditor, the debtor, or his personal representative, could redeem under sections 6940, 6941, in view of sections 5597, 5848, 5862.

2. PUBLIC LANDS—ADMINISTRATRIX OF MORTGAGOR COULD WAIVE STATUTORY NOTICE OF FORECLOSURE SALE OF CERTIFICATE. The administratrix of mortgagor, who stood by while certificates of sale of state land, issued under Comp. Laws 1917, section 5589, were sold as personalty and bid on them without objection, thereby acquiesced in the sale, and waived the notice prescribed by the statute for sales of real estate under mortgage foreclosure.[1]

3. PUBLIC LANDS—RIGHT OF REDEMPTION NOT LOST BY PERMITTING SALE OF INTEREST IN SCHOOL LAND TO BE TREATED AS SALE OF PERSONALTY. Where certificates of sale of state land issued

[1] Park v. Parsons, 10 Utah, 330, 37 Pac. 570.

under Comp. Laws 1917, section 5589, were assigned as security for debt, and it was agreed that such certificates might be sold either at private or public sale by the creditor, and after the death of the debtor the certificates were treated as personal property and sold as a pledge under a decree of court, the personal representative of the debtor was not estopped to deny that the certificates were personal property, and could redeem from the sale, under sections 6940, 6941.

4. MORTGAGES—NO APPROVAL BY COURT NECESSARY ON RETURN OF SHERIFF SELLING LAND AT FORECLOSURE. An order of court approving a sale of land under mortgage foreclosure upon return to the court by the sheriff would be of no binding effect upon any one, since there is no provision in the statute requiring a sheriff to make a return.

5. PUBLIC LANDS—PURCHASER AT FORECLOSURE ENTITLED ON REDEMPTION TO MONEY PAID ON CERTIFICATES OF SALE OF STATE LAND. Upon redemption of certificates of sale of state land, which were sold under foreclosure, the purchaser was entitled to installments paid the state to keep the contracts alive.

6. PUBLIC LANDS—JUDGMENT IN PROCEEDING TO REDEEM STATE LAND SHOULD NOT DIRECT THAT IT BE CLEAR OF ALL INCUMBRANCES. In an action to redeem certificates of sale of state land from mortgage foreclosure sale, the court, on finding for the plaintiff, should not have determined the status of the property, and directed in its judgment that the property redeemed "shall be free and clear of all liens and incumbrances of every character connected with or growing out of" proceedings in which the certificates were ordered sold.

Appeal from District Court, Third District, Salt Lake County; *J. Louis Brown*, Judge.

Proceeding by E. T. Young, administrator of the estate of George B. Greenwood, deceased, against John Corless, Sheriff of Salt Lake County, and the State Bank of Beaver County. Judgment for plaintiff, and defendants appeal.

AFFIRMED IN PART AND REMANDED WITH DIRECTIONS TO MODIFY.

*C. S. Varian*, of Salt Lake City, for appellants.

*Skeen & Skeen,* of Salt Lake City, for respondent.

GIDEON, J.

In this proceeding plaintiff seeks to redeem from judicial sale certain certificates of sale of real property. No evidence was heard by the court, but it was agreed by counsel that the allegations of the answer should be accepted as the facts in the case, and the matter was submitted to and determined by the court on the admissions and allegations contained in the answer. The facts out of which the controversy arose are as follows: In February, 1913, one George B. Greenwood, now deceased, gave his note to the defendant bank for money loaned, and at the same time assigned and delivered as security for said loan a certificate of sale of certain school lands from the state of Utah, known as certificate No. 8110, and dated July 4, 1904. This certificate of sale purported to sell to said Greenwood in the manner provided by law to be paid for in ten annual payments the agreed price as stated therein. The certificate further provided that said Greenwood, his assigns, heirs, or legal representatives, upon making all payments provided for therein, and upon the surrender of the certificate, should receive patent from the state for the lands therein described. It was also provided that if default be made in the payments the certificate would be forfeited, and the title to the lands revert to the state. It further appears in the answer that it was agreed between the defendant bank and said Greenwood that upon his failure to repay the money borrowed the defendant might sell the said certificates at public or private sale without notice, and that the defendant might become the purchaser. It likewise appears that on or about the same date Greenwood, in consideration for a loan to him by the Bank of Pioche, gave his note for money borrowed, and assigned and delivered to that bank another certificate, No. 9516, for the purchase of land under like provisions and conditions as in the loan made by the defendant bank. The note of the Bank of Pioche was assigned to the defendant, State Bank of Beaver County. It further ap-

pears that the notes were not paid.  Afterwards Greenwood
died, and his widow, Ida P. Greenwood, was appointed ad-
ministratrix of his estate.  Upon presentation of claims to the
administratrix for the indebtedness she refused to act upon
the same, and thereupon suit was instituted against her as
administratrix and personally to procure a sale of the cer-
tificates, which it is claimed were held in pledge as security
for the indebtedness.  Ida P. Greenwood claimed a one-third
interest in each of the certificates as the widow of deceased.
On or about July 20, 1915, judgment was rendered in favor
of the defendant bank and against the administratrix for
the sums of money found due, and directed a sale of a
two-thirds interest in said certificates at public auction, and
that the proceeds be applied on the judgment obtained in
that action, the widow having been adjudged to be the owner
of a one-third interest in the said certificates.  In January,
1916, execution was issued, directing the sheriff to sell the
certificates as provided in the judgment.  The sheriff pro-
ceeded to post notices of the sale for a period of not less than
five nor more than ten days, and on February 7, 1916, sold
a two-thirds interest in said certificates to the defendant bank.
Attending upon that sale was the attorney for the admin-
istratrix who bid upon the property for the administratrix
against the bid of the defendant bank.  A return was made
to the court of the sale of the two-thirds interest, and an
order made affirming the same, and the clerk of the court
was directed to enter judgment against the administratrix
for the deficiency after applying the proceeds upon the judg-
ment.  Within six months after the sale plaintiff, Young,
who in the meantime had been named administrator of the
estate of George B. Greenwood, deceased, tendered to de-
fendant Corless as sheriff the amount bid for the certificates,
together with interest as provided in the statute.  The sheriff
declined to issue a certificate of redemption, and this suit
was instituted.  Plaintiff had judgment in the lower court.
Defendants appeal.

It will be observed that the controlling question, so far as
this appeal is concerned, is;  Was the interest of the deceased,

and after his death his estate, an interest in real property, or was it chattel interest and therefore personal property? By the provisions of Comp. Laws Utah 1917, section 5589, any one desiring to purchase any of the public domain, belonging to the state at private sale is required to submit a written application, and to accompany that application with a deposit of twenty-five per cent. of the agreed purchase price. If the offer is accepted by the state land board it issues in the name of the state to the purchaser a certificate of sale wherein it is provided that the state has sold to the purchaser in the manner provided by law the property therein described. The application and the certificate of sale construed together constitute a contract for the sale of real estate. Not only would it be a contract for the sale of real estate by general law, but it is designated ''a sale'' by Comp. Laws Utah 1917, section 5597.

The date of certificate No. 8110, as found in the record, is July, 1904. The date of certificate No. 9516 is not given. Under the provisions authorizing the sale of public lands by the state, the purchaser is required to make annual payments of at least ten per cent. of the purchase price. Section 5589, supra. It is therefore safe to assume that at the dates the certificates were delivered to the banks at least eight or nine annual payments had been made. That the certificates and the payments made thereunder gave Greenwood in his lifetime, and his heirs thereafter, an interest in the real property described, cannot well be doubted. The authorities are all to that effect, and we are not aware that any one contends to the contrary in this proceeding. It is contended, however, as we understand the appellants, that the certificates of sale created a right or title to the property, and were therefore personal property under the rules of construction stated in Comp. Laws Utah 1917, section 5848, subds. 9-11. Also that, it being personal property, the assignment and delivery to the banks constituted pledges, and should be so treated.

This contention seemingly does not take into account what must have been the real intent of the parties at the time of the transactions. The banks did not accept the mere evidences of interests in real property as security for the ob-

ligations of the debtor, but evidently it was the intention of both banks and the borrower that the banks should have liens upon the interest of the borrower in the real property described in the certificates. The Supreme Court of Wisconsin, in discussing a question similar to the one presented here, in *Mowry* v. *Wood*, 12 Wis. at page 424, said:

"Although the certificates, as contracts in writing may, for some purposes, be regarded as chattels or choses in action, yet it was evidently not the intention of the parties to pledge them as such, but to pledge Wood's estate in the land represented by them as a security for the payment of the debt. That estate was something tangible and of value, but the mere certificates were worthless in the hands of any one except the holder of the estate. If there is no distinction between contracts of that kind made with the state and those made by private individuals—and I can see no reason for any—then Wood was possessor of an equitable estate of inheritance in the land, subject, of course, to forfeiture for the nonfulfillment of the conditions of the agreements, but nevertheless, until forfeited, perfect and indefeasible. It was an interest in the fee, and a performance of the conditions would have been followed by the acquisition of it. In case of his death it would have descended to his heirs."

We conclude, therefore, that the assignment and delivery of the certificates in this case constituted not mere pledges of personal property, but equitable mortgages of the interest of the mortgagor or borrower in the real property described therein. Under the certificate of sale and the law authorizing the issuance of the same the purchaser was entitled to immediate possession, and could enter upon the land, cultivate it, improve it, and was entitled to any crops produced thereon. Under the revenue law of the state, he was assessed and required to pay taxes, not only upon the improvements made upon the real estate, but upon the interest in the land to the extent of the payments made prior to levying the tax. Section 5862, Comp. Laws 1917. Clearly, under that condition, his interest in the property was an interest in real estate, one that could be mortgaged, one that would descend to his heirs, and such as could be alienated or incumbered as other real estate. The facts in the case of *Mowry* v. *Wood*, supra, are very similar to the facts involved

here. The opinion in that case is authority that the interest
of the purchaser and borrower was not personal property,
and could not be pledged as such, but that the assignment
and delivery of the certificates of sale constituted an equitable
mortgage upon the interest of the purchaser in the real
estate. The law is also stated in 27 Cyc. page 981, as follows:

"Where a contract for the purchase of real estate, or a bond
for a deed, is assigned to a third person as security for a debt,
and with an agreement to reassign on payment of the debt, this
constitutes in equity a mortgage on the assignor's equitable title
to the land in question."

To the same effect is the opinion of the Oregon Supreme
Court in *Lovejoy* v. *Chapman*, 23 Or. 571, 32 Pac. 687.

The only authority found contrary to the conclusion here
reached is the case from the Supreme Court of Montana of
*Ringling* v. *Smith River Development Co.*, 48 Mont. 467, 138
Pac. 1098. While it is true the court in that case held that
a contract for the sale of real estate could be pledged for an
indebtedness, the court seems to have based its conclusion
largely upon some rule of practice that before the appellate
court would disturb a judgment of the district court "the
appellant must assume the burden of showing that the trial
court's conclusion is erroneous under any possible state of
facts consistent with the declaration of the record. The court
concluded that the appellant had failed to maintain this
burden.

Having determined that the interest of the deceased in the
real property under the certificate of sale was an interest in
land, it necessarily follows that, under Comp. Laws Utah 1917,
section 6941, he, or the administrator of his estate is entitled
to redeem upon the payment of the amount specified to be
paid upon the redemption of property sold either on fore-
closure or under execution. By the terms of section 6940,
supra, any interest in real property greater than a leasehold
of two years unexpired term is subject to redemption.

No complaint is made by either party that the sale of the
certificates was not regular, although it is conceded by all
parties that notice was not given as required by the statute

for the sale of real property. Only such notice was given as is required for the sale of personal property. The decree or judgment of the court directed the sale of the certificates, but it does not appear that that judgment directed that they should be sold as personal propery. The sheriff, however, advertised and conducted the sale as a sale of personal property. The attorney for the administratrix was present at that sale, and offered bids for the property against the defendant bank. No third party claiming an interest in the property is here objecting, or, so far as the record discloses, has any right to object, to the method of sale. **2** Such being the facts, it would appear that the administratrix could, and by her acquiescence and failure to object did, waive the notice prescribed by the statute. 17 Cyc. p. 1247. See, also, *Park* v. *Parsons*, 10 Utah, 330, 37 Pac. 570. It is, however, contended on the part of appellants that the predecessor of the plaintiff administrator having acquiesced in the sale of the securities as personal property, is therefore estopped at this time from questioning the fact that the same was and is personal property; that having acquiesced in that conclusion, and being represented at the sale by her attorney, who bid in her behalf upon the property, it does not now lie within her rights to assert and claim the right of redemption, as she might have done if the property had been sold as real property. The right of a mortgagor to redeem from a foreclosure sale seems to be inherent in the mortgage, and even a waiver of that right by the terms of the mortgage does not deprive the mortgagor of the right to redeem. Such is the holding of the Supreme Court of the United States in *Peugh* v. *Davis*, 96 U. S. 332, 24 L. Ed. 775. Moreover, there is nothing in the record before this court indicating that the mortgagor **3** ever waived or released his right to redeem. The most that does appear is that an agreement was made by which the banks had the right to sell either at public or private sale the securities and apply the proceeds in payment of the indebtedness. That is exactly what was done by judicial sale under a decree of court, and it was not within the power

of the court, even if such were its order, to preclude the plaintiff from the right to redeem. It is stated in the answer that upon the return of the sheriff an order was made by the court approving the sale as made. There is no provision of our statute requiring a sheriff to make a return to the court upon the sale of property under execution or by foreclosure; hence that order would be of no binding effect upon the plaintiff, or, in fact upon any one, as the court was not required to make any such order.

It appears from the record in this case that in order to keep the contracts alive or to prevent a forfeiture the defendant bank as purchaser has paid some annual installments falling due, as well as taxes levied against the property. Apparently no account was taken of these items or amounts by the plaintiff in attempting to redeem the property. Clearly the expenditure of that money was necessary to protect the interest, not only of the purchaser, but the redemptioner. The court should ascertain these amounts, and if they are not included within the amount tendered they should be required to be paid before any certificate of redemption is authorized. The bank should have legal interest for any amounts so paid from the dates of payment.

The court also directs that the property redeemed "shall be free and clear of all liens and incumbrances of every character connected with or growing out of the proceedings in the case of *State Bank of Beaver* v. *Ida P. Greenwood, Adm'r.*" The court was not called upon to determine the status of this property after it is redeemed, whether it should be free from liens or otherwise. The question for determination by the court was the right of the plaintiff as the administrator of the original debtor to redeem the property upon the payment of the amount required by law. The court was right in determining that question in favor of the plaintiff, and, having so determined, there was no further order required or made necessary respecting the future liens or claims against the property.

It follows from the foregoing that the judgment of the

district court, holding that the plaintiff is entitled to re-deem, is affirmed, and the cause will be remanded to the district court, with directions to modify the judgment entered in accord with the views herein expressed. Neither party will be allowed costs on this appeal.

CORFMAN, C. J., and FRICK, WEBER, and THUR-MAN, JJ., concur.

## On Petition for Rehearing.

GIDEON, J.

Appellants, by petition, ask this court to modify its order refusing costs on appeal to either party, and moves the court to direct that such costs be paid by respondent. They assign as reasons: (a) Appellant bank, by reason of the administratrix declining to approve its claim, was compelled to institute suit to recover the amount due the bank from the estate; (b) in this suit brought against the sheriff, requiring him to issue a certificate of redemption, no offer was made to repay to the bank taxes paid by it, and the annual payments made to the state to protect the interests of both the purchaser and the redemptioner; (c) the lower court in its judgment directed that the land in question be free from all liens and incumbrances by reason of the judgment entered in the former action.

The appeal is from the entire judgment; that is, from the order directing the sheriff to issue a certificate of redemption, as well as the failure of the court to require as a condition precedent of redemption the repayment of the amounts expended for taxes and the annual payments due the state. Had the appeal been from the refusal of the court to require the repayment of the money expended for taxes, etc., only, it would be just to allow appellants all their costs, but the appeal brought to this court for review the entire judgment of the district court, and as the right to redeem was affirmed, it would not be right to tax the entire costs against respondent.

However, we have concluded to modify the order respecting costs to this extent: The total costs on appeal will be divided into two equal parts, appellants to pay one and respondent the other. Such is the order. The petition for a rehearing is denied.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.