DAVIS ET AL. *v.* LANDIS

[No. 17,146. Filed March 17, 1944. Rehearing denied April 27, 1944. Transfer denied May 23, 1944.]

*Robert L. Smith,* of Portland, and *Bonham & Emswiller,* of Hartford City, for appellants.

*Francis A. Shaw* and *F. Clayton Mansfield,* both of Muncie, *Victor Simmons,* of Hartford City, and *Roscoe D. Wheat,* of Portland, for appellee.

FLANAGAN, J.—On December 20, 1941, appellants were in possession of certain real estate in Blackford County, Indiana, which they were buying on contract. On that date they borrowed $1300 from appellee. They gave appellee a promissory note in the usual form, due in thirty days, and for the purpose of securing the debt assigned to him their real estate contract. The assignment provided that if the debt should not be paid at maturity the contract should become the absolute property of appellee upon service of notice by him upon appellants and delivery to them of their note duly cancelled. The note was not paid at maturity, appellee served the notice and delivered the note properly cancelled and brought this action for possession of the involved real estate.

Issues were formed; trial was to the court which

found the facts specially as we have stated them in substance; and judgment was rendered for appellee.

Appellants contend that the assignment of the real estate contract amounted to a mortgage only and foreclosure was therefore a prerequisite to any right on appellee's part to possession of the real estate.

The note contained an unconditional promise to pay. Appellants did not have the option to pay or not as they pleased and the transaction could not therefore amount to a conditional sale. *Voss* v. *Eller* (1886), 109 Ind. 260, 10 N. E. 74.

The transaction could not constitute a pledge because personal property only can be the subject of a pledge. 41 Am. Jur., p. 586, § 7; 49 C. J., p. 902, § 18; Restatement of the Law of Security, p. 5, § 1; and no personal property is here involved. The contract which was assigned created in appellants an equitable interest in the real estate described therein. *Burham* v. *Burk* (1884), 96 Ind. 270; *Bucher* v. *Young* (1932), 94 Ind. App. 586, 158 N. E. 581. This equitable interest in real estate was the security given for the debt. It necessarily follows that the assignment of the real estate contract amounted to a mortgage, *Wilson* v. *Fatout* (1873), 42 Ind. 52; 66 C. J., p. 1077, § 866, and cases cited; 36 Am. Jur., p. 750, § 126, which could only be enforced through proper foreclosure proceedings.

Judgment reversed with instructions to the trial court to restate its conclusions of law in conformity with this opinion.

NOTE.—Reported in 53 N. E. (2d) 544.