The LOCKHART CO., a Utah corporation, Plaintiff and Respondent,

v.

B. J. ANDERSON and Norma T. Anderson, Defendants and Appellants.

No. 17499.

Supreme Court of Utah.

March 19, 1982.

Petition for Rehearing May 21, 1982.

M. Dayle Jeffs, Provo, for defendants and appellants.

W. Clark Burt, Robert S. Prince, Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

This is a lender's suit to foreclose on the buyer's interest in a real estate contract the borrower (buyer) had assigned as security for the loan. The district court gave summary judgment for the lender, respondent Lockhart. Parties who have succeeded to some portion of the borrower's interest in the contract took this appeal, challenging Lockhart's right to have the judgment of foreclosure include the advances it made to a senior lienholder, plus attorneys' fees and interest applicable thereto.

On October 1, 1973, TSC Associates ("TSC" or "borrower"), a limited partnership, signed a uniform real estate contract to buy property in Utah County for $79,500, payable $17,895 on January 14, 1974, with the balance in 10 equal annual installments plus interest at 9 percent. Subsequently, on a date not shown in the record, TSC

assigned its buyer's interest in this contract to Zions First National Bank ("senior lienholder") as security for a loan, whose amount and terms of repayment are not shown in the record.

Thereafter, on June 21, 1974, TSC borrowed $25,005 from Lockhart, repayable in monthly installments at 18 percent interest, secured by TSC's second assignment of its buyer's interest under the October 1, 1973, contract. That assignment was expressly stated to be to secure payment of the $25,005 note, "the payment of which will render this Assignment void." Otherwise, the assignment made no reference to the manner or terms of foreclosure, such as to additional advances or attorneys' fees.

On August 6, 1976, Lockhart paid $14,089.39 to Zions, the senior lienholder. The record does not show whether this was the full amount the borrower owed Zions in connection with the first assignment.

On September 24, 1976, Lockhart brought suit to foreclose TSC's assignment of contract. Among those named as defendants claiming some interest in the property were B. J. and Norma T. Anderson, the appellants.

On November 1, 1977, appellants purchased and received an assignment from Zions of all of its interest in the October 1, 1973, contract. The record is silent on the terms of that assignment or the nature of Zions' interest in the contract. The record does state that in connection with this assignment appellants acknowledged that Lockhart's interest in the October 1, 1973, real estate contract was superior to their own interest.

By the time this matter came on for hearing in the district court, the borrower and the other defendants (except appellants) had filed for bankruptcy. Neither those parties nor their trustees in bankruptcy pursued any claim of interest in the subject property. Only appellants contested the foreclosure.

In its motion for summary judgment, Lockhart sought and the district court granted a decree (1) foreclosing the mortgage as to the $19,461.12 balance due to Lockhart on the borrower's June 21, 1974, loan, plus interest thereon at 18 percent from March 2, 1976, plus the $14,089.39 Lockhart had advanced to the senior lienholder, with interest thereon from August 6, 1976, at a rate not specified in the decree, plus attorneys' fees in the amount of $6,000 and costs of $248.95; and (2) declaring that appellants' rights in the property were in all respects inferior to Lockhart's.

On appeal, appellants renew contentions made in the district court that there was no documentary basis in the mortgage transaction: (1) to include the $14,089.39 payment to the senior lienholder in this decree of foreclosure; or (2) to include attorneys' fees for the $14,089.39 portion of the decree, or (3) to charge interest on the $14,089.39 payment at any rate higher than the legal rate of interest. (Attorneys' fees for collecting the amount due on the $25,005 note were stipulated in the note and are not challenged here.) Lockhart concedes that it has no basis for a deficiency judgment against appellants, and none was decreed. The sole controversy concerns the legal basis for adding to the decree of foreclosure the amount advanced to the senior lienholder, plus interest on that amount and attorneys' fees.[1]

It is clear from earlier decisions of this Court that the buyer's interest under a real estate contract is an interest in real property. When that interest is assigned as security for a loan, the assignee-lender ac-

---

1. Appellants also argue that summary judgment was inappropriate because they were precluded from filing opposing affidavits, which would have raised a genuine issue of material fact. They cite Utah R.Civ.P. 56(c), which permits the party moved against to serve opposing affidavits anytime prior to the day fixed for the hearing. In this case, the district court granted summary judgment without a hearing, which, appellants argue, deprived them of their oppor-tunity to file opposing affidavits. Respondent counters by relying on the terms of District Court Rule 2.8, which requires the party moved against for summary judgment to file opposing affidavits within ten days after the motion is served, and permits the court to proceed to judgment without hearing where, as here, none is requested by that party. In the view we take of this case, it is unnecessary for us to resolve the alleged conflict between these two Rules.

quires a lien on the borrower's interest in the real property, which is treated like a mortgage.[2] The lender can foreclose its interest like a mortgage, and the borrower has the same right of redemption as he would have under a mortgage. *Utah State Employees Credit Union v. Riding,* 24 Utah 2d 211, 469 P.2d 1 (1970); *Young v. Corless,* 56 Utah 564, 191 P. 647 (1920). *Accord, Davis v. Landis,* 114 Ind.App. 665, 53 N.E.2d 544 (1944); *Borgerding Investment Co. v. Larson,* 284 Minn. 371, 170 N.W.2d 322 (1969); *Lovejoy v. Chapman,* 23 Or. 571, 32 P. 687 (1893); *Security State Bank v. Monona Golf Club,* 213 Wis. 581, 252 N.W. 287 (1934); 59 *C.J.S.* Mortgages § 14, p. 45 (1949).

■ It is also clear that the assignee-lender can make payments necessary to preserve and protect the value of the collateral, and add these amounts to the principal of the debt. *Young v. Corless,* 56 Utah at 572, 191 P. at 650–51. This would include payments to avoid default on the contract that was the subject of the borrower's assignment. Whether this lender could use that principle to make payments to the senior lienholder, who received the first assignment of this contract, would depend upon the terms and status of the obligation secured by the first assignment, such as whether that obligation was in default and the rights of the assignee in the event of default. These matters cannot be determined from the record in this case, and apparently were not before the district court since the complaint contains no allegation putting this subject in issue and no

other information from which these facts can be determined. This subject is not treated in the affidavit Lockhart filed in support of its motion for summary judgment.

■ Lockhart only seeks to foreclose its own second assignment.[3] That assignment contains no provision by which the borrower and the lender agree that the lender can make payments on the borrower's obligation secured by a senior lien. No other contract provision is applicable.[4] Consequently, the lender's rights are those specified by law independent of contract. No statute is applicable.[5] Under the common-law rule in *Young v. Corless,* described in the preceding paragraph, the lender's right to make such payments and add them to its own obligation, lien, and foreclosure is limited to payments that are necessary to preserve and protect the value of the collateral. The complaint for foreclosure contains no allegation that the $14,089.23 Lockhart advanced to the senior lienholder was a payment of this nature.

In these circumstances, we cannot affirm the district court's order granting Lockhart summary judgment as to the $14,089.32 advanced to the senior lienholder, or interest thereon. Even if there is "no genuine issue as to any material fact," a summary judgment is proper only if the pleadings and other documents demonstrate that the "moving party is entitled to a judgment as a matter of law." Utah R.Civ.P. 56(c). On its face, the complaint lacks the averments necessary to establish any legal or contractual basis for permitting Lockhart to recov-

---

**2.** In this state, a mortgagee acquires not legal title but an equitable lien on the subject property. *State Bank of Lehi v. Woolsey,* Utah, 565 P.2d 413 (1977).

**3.** To the extent that Lockhart paid off the senior lien, it would at least be subrogated to the rights (including the lien rights) of the senior lienholder in the subject property, but this complaint contains no averment of what those rights were and no plea for foreclosure of the lien the borrower had created by the first assignment.

**4.** The provision in the October 1, 1973, real estate contract authorizing the buyer to pay off

liens and receive credit on amounts due to the seller under that contract does not create a comparable right in a subsequent assignee of the buyer as to new liens created by earlier assignments by that buyer.

**5.** Utah Code Annotated, 1953, § 70B–3–208, relied on by Lockhart, only applies where the loan agreement contains "covenants by the debtor to perform certain duties pertaining to insuring or preserving collateral," which duties the lender has performed by payment. The assignment to Lockhart contained no such covenants.

er the amount of its advance to the senior lienholder in addition to the foreclosure of its own mortgage. Even when the evidence admitted in support of Lockhart's motion is considered, Lockhart has failed to demonstrate any basis by which it is entitled to recover, as a matter of law, its advance to the senior lienholder or interest and attorneys' fees thereon. Consequently, the district court erred in including those amounts in its decree of foreclosure.

■ The amount of attorneys' fees must be redetermined by the district court in any event, since there are no findings or evidence in the record on the reasonableness of the $6,000 attorneys' fees included in the court's decree. *FMA Financial Corp. v. Build, Inc.*, 17 Utah 2d 80, 85–86, 404 P.2d 670, 673–74 (1965); *Butler v. Butler*, 23 Utah 2d 259, 261, 461 P.2d 727, 728 (1969); *Jensen v. Lichtenstein*, 45 Utah 320, 145 P. 1036 (1915). A new amount should be fixed on the basis of the proper scope of the foreclosure decree, as defined in this opinion.

The decree of the district court is vacated and the case is remanded for the entry of a new decree of foreclosure in terms consistent with this opinion. Costs to appellants.

HALL, C. J., and STEWART, HOWE and DURHAM, JJ., concur.

## ON PETITION FOR REHEARING

OAKS, Justice:

In a petition for rehearing, Lockhart urges that the rules discussed in the Court's opinion do not apply to the facts of this case since Lockhart's $14,089.39 advance was paid to the sellers under the real estate contract rather than to the lienholder, Zions Bank. Consequently, Lockhart should be entitled to include that advance in its decree of foreclosure under the rule in *Young v. Corless*, 56 Utah 564, 191 P. 647 (1920), discussed in the opinion.

Lockhart's argument is not supported in the record. Lockhart's complaint refers to the sellers under the real estate contract by name and as "sellers." In contrast, the complaint and Lockhart's affidavit in support of summary judgment repeatedly refer to Lockhart's advance as having been made to a "first lien holder," who is never identified by name. The same reference without name identification appears in the district court's decree. The only identification of any "lien holder" by name in the record appears in Lockhart's Memorandum of Points and Authorities in support of its motion for summary judgment, which states that "Zions Bank had a lien which was prior to the interest of Lockhart." Likewise, Lockhart's brief in this Court states that subsequent to TSC's purchase of the property on the real estate contract and before its assignment to Lockhart, "Zions First National Bank obtained a lien on the property through an assignment by T.S.C. of all its interest in the property." If Lockhart's advance went to the sellers instead of to Zions Bank, this fact is contrary to the plain meaning of the words "first lien holder" in Lockhart's complaint (a seller under a uniform real estate contract is not a "lien holder"), and contrary to Lockhart's clear identification of Zions Bank as senior lienholder elsewhere in the record and in its brief.

■ A losing party cannot use a petition for rehearing "to present to this court a new theory or contention which was neither in the record as it was before this court nor in the arguments made." *Swanson v. Sims*, 51 Utah 485, 498, 170 P. 774, 778 (1918). Rehearing is denied.

HALL, C. J., and STEWART, HOWE and DURHAM, JJ., concur.